6926

STATE v. DANIELS.

1. EVIDENCE.—There was sufficient evidence in this case from which jury could infer the cows alleged to have been received by appellant, knowing them to have been stolen, were the same cows of which another had been convicted of stealing, the record of which case was in evidence.

2. IBID.—RECEIVING STOLEN PROPERTY.—To convict of receiving stolen property, knowing it to have been stolen, the State must show guilty knowledge of the larceny beyond a reasonable doubt. Evidence tending to show facts sufficient to put receiver on inquiry, or to raise such suspicion as would put an ordinary person on inquiry, is not sufficient.

3. IBID.—IBID.—In trial for receiving stolen property, the record of conviction of the thief is only *prima facie* evidence of the larceny.

Before KLUGH, J., Georgetown, November Term, 1907. Reversed.

Indictment against Peter Daniels for receiving stolen goods. From sentence on conviction, defendant appeals.

*Mr. Walter Hazard,* for appellant, cites: *Facts raising suspicion that property was stolen will not justify a conviction:* 24 Ency., 46-7; 78 N. C., 484; 65 N. J. L., 394; 1 F. & F., 86. *Record of conviction of larceny is not conclusive against this defendant:* Foster Crim. Law, 365; 3 Arch. Crim. Pl. & Pr., 477-8-10-11; 2 Bail., 29, 66; 4 McC., 358; 3 Rice Ev., 35; 1 Starkie Ev., 479; 25 Am. St. R., 712; 174 U. S., 47; 3 Gray, 460; 2 Phil. Ev., 22-3; 1 Taylor Ev., sec. 826. *Judgment of criminal court is the sentence and that was not in evidence here:* 11 Ency. P. & P., 808; Bouv. Law Dic., 760; Tidd's Pr., 930; 23 Wend., 587; 3 Black. Com., 395; 27 S. C., 599; 13 S. C., 439; 79 S. C., 174; 1 Bish. Cr. L., sec. 223; 4 Black. Com., 362; 4 Steph. Com., 435; Arch. Cr. Pl., 183.

*Solicitor P. T. Hildebrand,* contra, cites: *Record of conviction of thief is prima facie evidence of larceny against receiver:* 24 Ency., 52. *Identification of stolen property must be gathered from all the circumstances:* 24 Ency., 52; 39 S. C., 343.

June 27, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was tried and convicted under an indictment, wherein he was charged with feloniously receiving two cows stolen from Magdalene Great, which he knew had been stolen.

The State offered in evidence the record in the case of the *State* v. *John Porter,* charged with larceny of live stock, to wit: five cows, alleged to have been the property of one Magdalene Great, which had been previously tried at the same term of Court, and in which the defendant, Porter, had been convicted. The record introduced consisted of the original indictment in the case of the *State* v. *John Porter,* with the verdict of guilty indorsed thereon. No other part of the record and none of the testimony in that case was offered.

Neither of said indictments contained any other description of the property.

The first question that will be considered is that which is presented by the following exception:

"Because, it is respectfully submitted, his Honor, the Circuit Judge, erred in refusing the defendant's motion for a new trial, made upon the ground 'that there was no evidence, either in the record of the case of the *State* v. *John Porter,* or otherwise, identifying the cows in this case as the cows which John Porter was convicted of stealing.' "

This Court is satisfied that there are circumstances detailed in the testimony, from which the jury might reasonably have drawn the inference, that the cows described in the indictment herein were two of those which John Porter was convicted of stealing. But, as there must be a new trial on other grounds, it is deemed best not to discuss the testimony.

We proceed next to consider the following assignment of error: "Because, it is respectfully submitted, his Honor, the Circuit Judge, erred in refusing to charge as requested in the defendant's tenth request, which was as follows: 'Even if the jury shall find from the evidence that the defendant had some suspicions as to the good faith of John Porter in selling him the cows, or as to his ownership or right to dispose of the same, or that he had some grounds for suspicion, that alone in the absence of clear proof of guilty knowledge on his part will not be sufficient to justify a conviction.' It is submitted that said request contained a sound and correct proposition of law, in as much as no person can be legally convicted of a criminal offense, without proof beyond a reasonable doubt, of each material element constituting the offense charged; and a guilty knowledge of the larceny on the part of the defendant, being an essential element of the crime charged in this case, it was necessary for the State to establish such guilty knowledge beyond a reasonable doubt."

When the request was presented his Honor, the presiding Judge, said: "I refuse to charge you that, and charge you this as the law: Where a person has knowledge of facts, or has suspicions that would induce a person of ordinary prudence to make inquiry, then he is required to do so. If he fails to do so, he is as much bound by what may be the state of facts as if he had been openly informed as to what they were. If the defendant had notice of facts that would put him on inquiry, he is bound to pursue these facts, and, if he fails to do so, it is at his own risk."

The case of the *State* v. *Rountree,* in which the opinion has just been filed, shows that the ruling of the presiding Judge was erroneous.

The last question that will be considered is whether the Circuit Judge erred in his instructions as to the effect of the record in the case of the *State* v. *John Porter.*

The twelfth request of the defendant was as follows: "The fact that John Porter has been previously convicted of larceny of the cows in question, as shown by the record of such conviction, is not conclusive proof of the fact that they were stolen. But the jury have the right to inquire into the facts, and, if they have a reasonable doubt as to the fact that said property was stolen, it is their duty to give the defendant the benefit of the doubt and acquit him. The jury are not precluded in the present case from consideration of the question as to whether a larceny had been committed by the mere fact that a previous conviction for such alleged larceny has been had in another case."

In his response to the fourth request the Circuit Judge said: "And that brings us to the last request that was submitted" (reads twelfth request). "You will observe that the statute is not leveled at the party who stole the property, but against the party who received the property after it was stolen. If John Porter was convicted of stealing the property alleged to have been received by the defendant in this case, that is a judgment that John Porter cannot deny. He is estopped from denying it. If you find that it has been

determined by the Court that this was stolen property, then, if Peter Daniels bought the property, knowing it to be stolen, then the judgment of the Court finding the property to be stolen is binding on Peter Daniels. If you find that he bought the property from John Porter not in good faith, and took it into his possession, then Peter Daniels is bound by that fact just as much as John Porter is bound by it."

In his response to the fifth request his Honor said: "I charge you that, with the same explanation, that is, if John Porter did not have a *bona fide* claim, but took the property, knowing it to be larceny, then the judgment of the Court would be as binding on the defendant as it is on John Porter."

In his response to the twelfth request he said: "That is subject to the remarks that the Court has already made. You may ascertain whether it has been judicially determined whether or not this was stolen property; and, if there was a judgment fixing a status of the property, the defendant is bound by it as much as John Porter is, or any one else, provided that there is nothing further that will excuse him."

Our construction of the charge in response to the twelfth request is, that it deprived the defendant of the benefit of the proposition therein contained, and was practically a refusal to charge the same.

It is true, no objection was interposed to the introduction in evidence of the record in the case of the *State* v. *Porter,* but that did not render it admissible for the purpose of proving these facts, for which it was inherently incompetent, under the rules of evidence.

The question is not whether the record was *prima facie* evidence against this defendant, that the cows were stolen by Porter, but whether it was conclusive evidence of such fact.

It is only necessary to refer to the authorities cited in the argument of the appellant's attorney (which will be mentioned in the report of the case), to show that the record was not conclusive evidence, against this defendant, that the

cows were stolen; but that at most, it was only *prima facie* evidence of such fact.

The exceptions raising this question are sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.