6931

## STATE v. ROUNTREE.

1. INDICTMENT—ELECTION—LARCENY—RECEIVING STOLEN GOODS.—Under an indictment charging in the first count three persons with larceny, and in the second, two of them with receiving stolen goods, the solicitor should not be required to elect on which count he would go to trial.

2. LARCENY—RECEIVING STOLEN GOODS.—EVIDENCE tending to show past transactions of same kind between defendant charged with stealing goods and his codefendants charged with receiving them, is competent against the latter.

3. RECEIVING STOLEN GOODS—EVIDENCE.—Knowledge of the theft on the part of one receiving goods is essential to conviction, and such knowledge must exist at the moment the goods are received. Facts sufficient to put a reasonably prudent man on inquiry are not sufficient.

Before MEMMINGER, J., Barnwell, November Term, 1907. Reversed.

Indictment against I. W. Rountree, James F. Rountree and Jim Stevens for larceny and receiving stolen goods. From verdict of guilty of receiving stolen goods as to I. W. and James F. Rountree, they appeal.

*Messrs. C. A. Best* and *Bates & Simms,* for appellants, cite: *State must show defendants knew goods were stolen at the time received:* 29 S. C., 111.

*Solicitors James E. Davis* and *P. T. Hildebrand,* contra. Oral argument.

June 27, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appellants, I. W. Rountree and James F. Rountree, were found guilty of receiving stolen goods, knowing them to be stolen, under an indictment against them and Jim Stevens, containing two counts, the first charging grand larceny against the three defendants, and the second charging the two defendants, I. W. Rountree and James F. Rountree, with receiving stolen goods, knowing them to be stolen.

At the commencement of the trial, and before the introduction of testimony, a motion was made to require the solicitor to elect upon which of the two counts he would rely, as the defendants contended they were inconsistent.

His Honor refused to require the solicitor to make his election at that time, but, after the testimony in behalf of the

State was introduced, ruled that he must elect upon which count he would proceed, whereupon the solicitor announced that he would rely upon the second count.

A motion was then made to direct a verdict, on the ground that there was no evidence sufficient to convict upon the second count, but it was overruled.

The defendants, I. W. Rountree and James F. Rountree, thereupon proceeded to introduce their testimony.

The first question that will be considered is, whether his Honor, the presiding Judge, erred in refusing to compel the solicitor to elect upon which count he would proceed, when the motion was first made.

"If different felonies or misdemeanors be stated in several counts of an indictment, no objection can be made to the indictment on that account in point of law. In cases of felony, indeed, the Judge, in his discretion, may require the counsel for the prosecution to select one of the felonies, and confine himself to that. That is what is technically termed putting the prosecutor to his election. But this practice has never been extended to misdemeanors. We have seen, however, that where a count for larceny and a count for receiving the same goods are joined in the same indictment, the prosecutor shall not be put to his election." I Archbold's Cr. Pr. & Pl., 295-298.

"A motion to compel the State to elect upon which count it will proceed is addressed to the sound discretion of the court, as a general rule, and its action thereupon will not be interfered with, unless the discretion has been used to the manifest injury of the defendant. * * * It appears from many cases that an election will not be compelled, when the transaction is the same, and the same offense is set out in different modes, or the several counts refer to the same acts and transactions, and it has been said that only the improper joinder of counts can give the court the right to compel the election." 10 Enc. of Pl. & Pr., 551-552.

"If really distinct felonies be charged in separate counts of an indictment, no objection, in point of law, can be made on this account. But it is a proper exercise of the discretion of the Judge, in such case, to require the prosecuting officer to select one of the felonies, and confine himself to it." *State* v. *Nelson,* 14 Rich., 169.

"There was no necessity for compelling the solicitor to make his election at any time in this case, as a general verdict, under proper instructions, would not have been a ground for a new trial or in arrest of judgment." *State* v. *Smith,* 18 S. C., 149.

The foregoing authorities show that the ruling of the presiding Judge was more favorable to the appellants than they could demand as a legal right, and that the exception raising this question must be overruled.

The next question is, whether the presiding Judge erred in admitting testimony as to previous purchases of acid from the defendant, Stevens, by the defendants, I. W. and James F. Rountree.

The case of the *State* v. *Jacob,* 30 S. C., 131, 8 S. E., 698, shows that this exception cannot be sustained.

We proceed to consider the question presented by the following exception: "That his Honor erred in charging the jury that guilty knowledge may be constructive, 'as when the circumstances are such as would put a person upon such inquiry, as by the reasonable pursuit of that inquiry the actual facts would have been discovered. Because the law requires the man, when put upon notice of facts, so that by the pursuit of the inquiry with reasonable diligence, such as a man with reasonable diligence would carry on, he would ascertain the true facts; the law fixes the true facts upon him, because it requires him to pursue notice with that degree of diligence which a man of ordinary prudence would pursue, and if you are satisfied from the testimony that a man of reasonable prudence should have pursued the inquiry and would have pursued the

inquiry, and by. that pursuit would have discovered the true facts, then the law fixes that knowledge upon him as well as if he had actual knowledge.' Whereas, there was no evidence of notice upon which the defendants were put on inquiry, and this was an enlargement of a statute which holds a party guilty who buys stolen goods knowing them to be stolen at the time, and not what defendants might have ascertained by inquiry thereafter, or before said purchase. And his Honor's charge was of an equitable principle, which could not be made effective in assisting the enforcement of a criminal statute."

Section 165 of the Criminal Code, under which the appellants were indicted, is as follows: "In all cases whatever, where any goods or chattels, or other property, of which larceny may be committed, shall have been feloniously taken or stolen by any person or persons, every person who shall buy or receive such goods or chattels, or other property, knowing the same goods to have been stolen, shall be held and deemed guilty of, and may be prosecuted for, a misdemeanor, and upon conviction thereof shall be punished by imprisonment, although the principal felon or felons be not previously convicted, and whether he, she or they is, or are, amenable to justice or not." * * *

There is no doubt as to the well settled rule in civil actions, that knowledge of such facts as are sufficient to put a reasonably prudent man on inquiry are equivalent to notice. But such is not the rule in cases arising under the foregoing section of the Criminal Code. As stated by the Court in the case of *State* v. *Crawford,* 39 S. C., 343, 349, 17 S. E., 799: "It is necessary that the guilty knowledge should be alleged as well as the fraudulent intent."

It cannot be successfully contended that a mere inadvertent failure to pursue an inquiry with reasonable diligence is the equivalent of guilty knowledge and a fraudulent intent, which are essential elements of the crime; as otherwise a person could be punished under the statute for negligence

unaccompanied with an intentional wrong. Knowledge of the theft on the part of the receiver is an essential element of the offense, and such knowledge must exist at the moment the property is recived. But the knowledge may not be that actual and positive knowledge, which is required from personal observation of the fact; a belief without actual knowledge is sufficient.

Under the statute of most jurisdictions, it is held "that the receiver must not only know that the property was stolen, he must have received it with a dishonest or fraudulent intent." 24 Ency., 46, 47.

In *Reg.* v. *Adams,* I. F. & F., 86 (cited in note to 24 Enc. Law, 47), it was held "that to satisfy a conviction for receiving stolen property in a case of goods found, it is not sufficient to show that the prisoner had a general knowledge of the circumstances under which the goods were taken, unless the jury is also satisfied that he knew that the circumstances were such as constituted larceny."

This exception is sustained.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.