12518

STATE v. LEE

(145 S. E., 285)

October, 1926.

*Mr. William M. Smoak,* for appellant,

482

*Solicitor B. D. Carter,* for respondent,

November 7, 1928.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

The appellant, Charlie Lee, was indicted at the regular term of the Court of General Sessions for Aiken County, S. C., in January, 1926, the indictment containing two counts: (1) for larceny, and (2) receiving stolen goods, to wit: two bales of lint cotton of the value of $175, the property of one Thomas Hitchcock, alleged to have been committed on December 26, 1925.

This case was tried before his Honor, Marvin M. Mann, and a jury, at the Fall Term, 1926, of the said court on October 18, 1926, and resulted in the following verdict: "Not guilty of grand larceny; guilty of receiving goods."

After refusing a motion made, upon the minutes of the Court by the defendant for a new trial, the defendant was sentenced to hard labor upon the public works of Aiken County, or for a like period in the state penitentiary, for six months. Within due time he appealed upon exceptions. There are 34 exceptions by the appellants to the case and 5 exceptions to the order of his Honor settling the proposed case and amendments offered.

The 34 exceptions raise the following questions:

"Did the presiding Judge err:

"1. In overruling the defendant's motions to require an election by the State as to the two counts in the indictment.

"2. In admitting testimony over objection of the defendant.

"3. As to cross-examination of the witness, Williams.

"4. In excluding testimony offered by the defendant.

"5. In refusing to direct a verdict in favor of defendant.

"6. In charging the jury.

"7. In refusing to charge the defendant's special requests.

"8. In refusing defendant's motion for new trial.

'9. In settling the case for appeal."

The first group of exceptions are overruled as being without merit.

The rule in this State is that distinct offenses—felonies or misdemeanors—may be charged in separate counts of the same indictment, whether growing out of the same transaction or not. If the several offenses charged do not grow out of the same transaction, then the proper practice is to require the prosecuting officer to elect upon which count he will proceed. But, when several offenses charged grow out of the same transaction, then the prosecuting officer is not required to elect, and the Court instructs the jury to pass upon the several counts separately, and write their verdict accordingly. *State v. Gaffney* (Rice), 24 S. C., 431; *State v. Posey* (7 Rich.), 41 S. C. L., 484; *State v. Nelson* (14 Rich.), 48 S. C. L., 169, 94 Am. Dec., 130; *State v. Strickland*, 10 S. C., 194; *State v. Sheppard*, 54 S. C., 181, 32 S. E., 146; *State v. Rountree*, 80 S. C., 387, 61 S. E., 1072, 22 L. R. A. (N. S.), 833; *State v. Jones*, 86 S. C., 44, 67 S. E., 160.

There being no question that the offenses charged in the two counts of this indictment grew out of the same transaction, the Court properly refused to require the State to

elect, and submitted the case to the jury on both counts under appropriate instructions as to each

The Court erred in excluding testimony offered by the defendant, for the reason that the testimony offered by the defendant, if admitted, would have been evidence directly upon the cardinal points in the case explaining the principle that, when a person is found in possession of recently stolen goods, the law presumes he is the thief, unless he can give a reasonable explanation thereof (the defendant being indicted for larceny); and (being also indicted for receiving stolen goods) guilty knowledge of the larceny (*State v. Rountree,* 80 S. C., 387, 61 S. E., 1072, 22 L. R. A. (N. S.), 833; *State v. Daniels,* 80 S. C., 368, 61 S. E., 1073; *Bise v. U. S.* (C. C. A.), 114 F., 374, 7 Ann. Cas., 165), by the receiver of the goods at the time of receiving, that they were stolen, is an essential element of the crime; also on the question of intent—that circumstances of receiving and obtaining possession and prior arrangements and conversations with the thief (Isaiah Williams) or person from whom the cotton was received, are all parts of the *res gestae,* and were competent and relevant evidence upon the trial of this case.

"*Circumstances of Receiving.* * * * On the other hand it is competent for the accused to testify in his own behalf when, from whom, how, and under what circumstances he received the stolen property, and what was done and said at the time in connection with the receipt of it by himself; such facts being a part of the *res gestae.*" 34 Cyc., 524.

"*Prior Arrangements and Conversations with Thief or Person From Whom the Goods were Received.* Evidence of arrangements and conversations between defendant and the thief or other person from whom the goods were received, prior to the receiving, is admissible as part of the *res gestae.*" 34 Cyc., 526.

This group of exceptions is sustained, and there must be a new trial.

The exceptions raising the question that his Honor should have directed a verdict of not guilty are overruled, as there must be a new trial; the other exceptions in the main appeal are not considered.

As to the exceptions to his Honor's order in settling the case: We think that his Honor erred in requiring the appellant to print the whole tetsimony. He should have required only what took place when the testimoney was excluded.

The exceptions as to limiting counsel to twenty minutes' argument to the jury we do not consider for the reasons that the record in the case does not show what actually took place as to this contention; Judge Mann does not make mention of it in his order; and Mr. Smoak did not serve the Solicitor with his affidavit.

Judgment reversed, and new trial granted.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.