13434

STATE v. HAMILTON *ET AL.*

(164 S. E., 639)

*Messrs. Gibson* and *Muller,* for appellant,

*Mr. M. J. Hough,* solicitor, for respondent.

June 20, 1932.

The opinion of the Court was delivered by Mr. Justice Carter.

The defendants, Jake N. Hamilton, J. D. Hamilton, Lacy Hamilton, Dunk Wright, Jr., Prince McMillan, and Lindsay Townsend, were tried at the June, 1931, term of the Court of General Sessions for Dillon County, before Hon. E. C. Dennis, Circuit Judge, and a jury, under two indictments, charging them with housebreaking and larceny and with receiving stolen goods. The specific charge on which the indictments were based was the breaking and entering the Planters' Warehouse, in the Town of Dillon, said county, and taking three bales of cotton, the property of one J. R. Watson, and one bale of cotton, the property of one J. H. Wiggins. Upon arraignment, the defendants pleaded not guilty, and the case proceeded to trial, resulting in the following verdict being rendered on both indictments: "As to J. N. Hamilton (Jake N. Hamilton), guilty of housebreaking and larceny and receiving stolen goods. As to John D. Hamilton, Lacy Hamilton, Dunk Wright, Jr., Prince McMillan and Lindsay Townsend, guilty of housebreaking and larceny."

The trial Judge sentenced the defendants in each case to imprisonment for a period of two years, the sentence in each case to run concurrently with the other. From the sentence and judgment of the lower Court, the defendant Jake N. Hamilton has appealed to this Court.

Appellant presents several exceptions, but, under the view the Court takes of the case, it is necessary to consider only exception No. 2, which imputes error to the trial Judge as follows:

"Because the Court erred in charging the jury as follows:

"A person who receives stolen goods, knowing at the time he received them that they have been stolen; or, if he receives them under such circumstances that a person of

ordinary reason, judgment and prudence would know it, that is to say, it isn't necessary when a person receives stolen goods that the thief tell him they were stolen—that would be sufficient, of course—but if the circumstances and his actions would indicate to a person of ordinary reason and judgment and prudence that they were stolen, then that would be sufficient to say that the person who received them had knowledge that they were stolen"—the error being: "(a) That under the law guilty knowledge is one of the elements of the offense of receiving stolen goods, and the knowledge must be actual or there must be facts and circumstances sufficient to lead the party charged to believe that the goods were stolen, and the fact that such circumstances would indicate to a person of ordinary reason, judgment and prudence that they were stolen is not sufficient."

As we understand the rule, in the trial of a person on the charge of receiving stolen goods and in determining whether or not such person knew that the goods were stolen, which is a necessary fact to be proven, and proven beyond a reasonable doubt, before there can be a lawful conviction on such charge, it is not necessary that the person from whom the goods were received should state that the goods were stolen, but the jury may reach such conclusion, that the person receiving the goods knew the same were stolen, from the surrounding circumstances under which they were received, and it is proper for the jury, in passing upon such issue, to take into consideration the surrounding circumstances under which the goods were received. However, we do not understand that the rule of law of force goes so far as to authorize a conviction on such charge simply because the person receives the goods under such circumstances that a person of ordinary reason, judgment, and prudence would know that they were stolen. Under an indictment charging a person with receiving stolen goods, knowing them to have been stolen, it is not a question of what effect the circumstances under which the goods were received would have

upon the mind of a person of ordinary reason, judgment, and prudence, but the question to be answered is, what effect did such circumstances have upon the mind of the person receiving the goods? In the case at bar the question to be submitted to the jury was, Did the defendant Jake N. Hamilton receive the goods in question under such circumstances that he knew they were stolen, if they were stolen? It was not what a person of ordinary reason and judgment would have thought or what conclusion such person would have reached under the circumstances.

In support of the views herein expressed, we call attention to the cases of *State v. Rountree,* 80 S. C., 387, 61 S. E., 1072, 22 L. R. A. (N. S.), 833, and *State v. Daniels,* 80 S. C., 368, 61 S. E., 1073, and the authorities therein cited; also *Peterson v. United States* (C. C. A.), 213 F., 920; *Kasle v. United States* (C. C. A.), 233 F., 878; and *State v. Denny,* 17 N. D., 519, 117 N. W., 869, 53 C. J., 503.

For the reasons herein stated, the second exception is sustained. We express no opinion as to the other questions raised in the appeal.

It is therefore the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded.for a new trial as to the defendant Jake N. Hamilton.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM and CIRCUIT JUDGE G. B. GREENE, ACTINR ASSOCIATE JUSTICE, concur.