13718

EDWARDS v. COTTINGHAM
(171 S. E., 621)

Messrs. *L. D. Lide* and *W. C. Moore* for appellant,

Messrs. *Rogers & Ellerbe* and *L. B. Haselden* for respondent,

November 16, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

It appears from the statement made for the hearing of this appeal, and from the record, that plaintiff bought from the defendant certain fertilizers for use on her plantation in Dillon County for the year 1927. It is alleged in her complaint that the fertilizers were bought in February of that year, and that defendant was notified that immediate delivery was desired, and that it was promised by him; that, in spite of such notice and repeated demands for delivery, the fertilizers were so long delayed in delivery that plaintiff was unable to plant cotton and set out tobacco plants till such late dates that her crops were greatly injured and produced but a small return. She asked damages in the sum of $3,000.

Defendant by his answer admitted the purchase of the fertilizers, denied all other material allegations of the complaint, and specifically denied any delay and negligence in the delivery of the fertilizers.

The action was begun in January, 1931, and was tried by Judge Thomas S. Sease and a jury at the October term of the Court of Common Pleas for Dillon County, and resulted in a verdict for plaintiff in the sum of $1,483.33. A motion for new trial was made on the minutes of the Court, and later motion for new trial on after-discovered evidence was made on due notice. Both motions were heard and overruled by Judge Sease. This appeal followed.

There are three exceptions. It appears to us that the first two of these are based upon misconceptions of the judge's charge.

The first exception imputes error to the trial judge, for that he "charged the jury in effect that in the consideration of this case the jury should give it the same consideration as if it had been brought in 1927, that they were not to allow the fact that it was not brought until 1931 to affect their verdict."

It appears from the record that counsel for appellant in argument had adverted to the fact that the action was not brought until 1931, though it was alleged that the cause of action accrued in 1927. Before beginning argument in reply, respondent's counsel asked the Court to instruct the jury that: "That this case was brought within the time allowed by law, and it is the duty of the jury to give it the same consideration as if it had been brought in 1927, and the jury must not allow that fact—that it was not brought sooner—to prejudice their minds. The law allows six years in which to bring an action of this kind."

To this the Court replied:

"Your proposition is correct, but I don't think I would have the right to tell the jury not to consider that, because

it is in the testimony and they are to consider all the testimony; but I will give them the law all right.

"Mr. Rogers: I want your Honor to explain that that is the law.

"The Court: Oh, yes; that is the law."

Presumably this colloquy occurred in the presence of the jury. The disposition of it by the Court could work no hardship to the defendant. It distinctly left to the consideration of the jury the fact, which had been stressed in argument by counsel for appellant, that the action was not brought until 1931, although the alleged breach of contract occurred in 1927.

The charge hereabout was in these words: "I instruct you that where one brings suit of this kind within six years she is within the law and she has a right to maintain such a suit."

There can be no denial that this is a sound proposition of law and that it was applicable to the issues involved in the case.

The same misconception of the charge applies to the error imputed in the second exception. The alleged error was in these words: "Where a person goes to a railroad company and ships goods and has it consigned to himself no man has the right to go within that car, unless he has the bill of lading assigned to him by the shipper or consignee, or a written order for the bill of goods."

During the same colloquy above referred to between counsel for plaintiff and the Court, counsel asked the Court to instruct the jury in the language set out in the exception. The Court said:

"One of the railroad witnesses said that this was a white bill of lading and intimated in his testimony that any one could get the car.

"Mr. Rogers: I didn't get that. He said that there was a difference, but I don't think he explained it. It is the general

law that the consignee, and the consignee alone or some one authorized by him, can take the goods out of that car.

"The Court: I think that the principle is right. The principle of law is elementary, of course."

It is patent that the last remark of the Court related to the general principle of law last suggested by counsel, and it is clear that the jury could not have been misled by the incident.

The charge in relation thereto was as follows: "I charge you that the law is that a bill of lading carries title to the property covered by the bill of lading."

We apprehend that there will be no denial of that proposition of law.

The third exception charges that it was error to refuse the motion for new trial made on the ground of after-discovered evidence.

It is the fixed rule that such motions are addressed to the sound discretion of the Court, and that the exercise of that discretion will not be disturbed unless it appears that the discretion has been abused; that is to say, that it amounts to an error of law.

We have carefully read the affidavits upon which the motion was predicated, and we concur with the circuit judge that they do not warrant setting aside the verdict and granting a new trial. With due diligence this after-discovered evidence could have been found two days before the trial as easily as it was found two days thereafter.

The exceptions are overruled, and the judgment is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Carter and Mr. Acting Associate Justice W. C. Cothran concur.