## 13955

### STATE v. MATHIS

(177 S. E., 318)

Ed Mathis was convicted of murder, and he appeals.

*Messrs. J. K. Owens, Geo. W. Freeman* and *P. A. Murray, Jr.,* for appellant,

*Messrs. S. S. Tison, Solicitor* and *N. W. Edens* for respondent.

December 3, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant and May Baker were tried jointly on an indictment which charged them with the murder of Johnnie Griggs. May Baker was acquitted; Ed Mathis was convicted of murder with recommendation to mercy, and was sentenced to lifetime imprisonment. From his conviction and sentence he appeals.

Upon the call of the case and before arraignment, the defendant Mathis moved for severance and a separate trial for himself on the ground that the State would probably offer testimony which would be admissible as to one of the accused and inadmissible as to the other. The motion was refused.

At the conclusion of the testimony on the part of the State, a motion was made for directed verdict in favor of May Baker on the ground that "there is not sufficient testimony upon which to base a verdict of guilty." The motion was refused.

After the verdict was rendered a motion for new trial was made on behalf of Mathis on the grounds stated in the

transcript of record from folios 396 to 399, both inclusive. This motion was refused by Judge Shipp who presided.

Thereafter a motion for new trial on after-discovered evidence was made before Judge Dennis, the resident Judge of the circuit, upon affidavits. The motion was refused and the appeal is also from that order.

The exceptions, four in number, state the following grounds, to wit:

1. Error and abuse of discretion in refusing the motion of Ed Mathis for severance and a separate trial.

2. Error in not granting the motion for directed verdict of not guilty as to May Baker.

3. Error in not granting the motion for new trial made before Judge Shipp.

4. Error on the part of Judge Dennis in not sustaining the motion for new trial made on the ground of after-discovered evidence.

Counsel for appellant properly and frankly admit that a motion for severance is addressed to the sound discretion of the Court. In this case they challenge the soundness of the discretion of the presiding Judge. It is disclosed by the record that the motion for severance was made before arraignment, on the ground thus stated by counsel: "We have information that the prosecution in this case will offer some testimony that will be admissible as against that particular party, but inadmissible and incompetent as to the other party." The Court was not appraised then of the nature of the testimony which the defendant's attorneys anticipated would be offered. During the argument, and the colloquy with the Court, counsel said: "And we make it on the further ground that in the indictment it is charged that 'Ed· Mathis and May Baker him, the said Johnnie Griggs * * * with a pistol did shoot, strike, etc.' That is two parties are charged in this indictment with killing a man with one pistol."

The presiding Judge correctly disposed of both ■ grounds of the motion. As to the first ground, he said: "The Judge will tell the jury that a statement that one made out of Court, unless now a conspiracy was proved, is evidence only against the one making the statement. Where a person makes a statement, not in the course of a conspiracy, it is admissible only as against the person making it." An inspection of the charge discloses that the veteran jurist who heard this case clearly and fully explained to the jury that the testimony as to threats alleged to have been made by May Baker were to be taken against her alone and not against Mathis. This is the established rule, and we see no abuse of discretion in refusing the motion made on this ground. The fact that May Baker was acquitted strongly supports the argument that the jury did not consider this testimony, and, as there is other competent evidence of threats by Mathis, it is a safe inference that he suffered no harm from the testimony relating to May Baker.

As to the second ground of the motion, his Honor ■ said: "Now, as to only one pistol being used. Where two or more people are charged jointly, though only one pistol is used, the State has to prove not only that one of the defendants used the pistol, but will have to show that the other was present, aiding and abetting the other in the shooting. It makes no difference who did the shooting, if the other is taking part; but unless the State has testimony to show that the others were aiding and abetting, there would be no evidence against them at all. * * * I don't think there is any objection to the mere fact that but one pistol was used. If there is no evidence showing that one did some act to encourage the other, there would be no evidence against her at all." That was a pronouncement of sound law. As the appellant admits that he did the shooting, and as May Baker was acquitted, it is patent that there is no merit in this ground of appeal.

The theory of the second exception is that, if the judge had granted the motion for directed verdict in favor of May Baker, it would have inured to the benefit of the appellant, and the failure to grant it prejudiced him by depriving him of the full weight of the testimony that had been introduced in his behalf. It is not made to appear in what especial respect the appellant's case was prejudiced. The verdict of not guilty as to May Baker would seem to have equal, if not more, weight in his favor than a verdict directed by the Court.

The third exception imputes error to the presiding Judge for not granting a new trial. The point relating to the refusal of the motion for severance is disposed of by what has been heretofore said. In refusing the motion for new trial his Honor said: "There was testimony that he stopped at that station a few hours before and was informed, etc."

The alleged error is that he (Mathis) stopped at that station the night before instead of "a few hours before." The exact number of hours in question is wholly immaterial. Did he stop there? Did he make the threats to which witnesses testified? Those were the cardinal issues; there was competent evidence relating to them making questions of fact for the determination of the jury. It is urged further in the third exception that it was error to charge the jury on the law of mutual combat, and in permitting the solicitor to argue it to the jury, because the solicitor, before the argument had begun, had announced that the state elected to ask for premeditated murder.

There was evidence of threats which, if true, justified a verdict of premeditated murder. There was testimony that the appellant and the deceased were on the lookout for each other; that they were armed in anticipation of a combat; that each drew his pistol and each fired upon the other. There was no error in charging and arguing the law of mutual

combat. If defendant's counsel desired special instruction thereabout they should have asked for it.

The last exception charges error to Judge Dennis for that he denied the motion for new trial made upon the ground of after-discovered evidence. There were numerous affidavits in support of and in rebuttal of the alleged after-discovered evidence.

Motions of this character are addressed to the sound discretion of the judge. There are affidavits in support of the essential elements of such motion, which are that (1) the proposed new evidence was discovered after the former trial; (2) that it could not, with the use of due diligence, have been discovered in time to be offered at the former trial; (3) that it is material.

There are affidavits which in detail tend to refute all the allegations of the supporting affidavits. This made a situation peculiarly within the province of the judicial sound discretion.

"It is the fixed rule that such motions are addressed to the sound discretion of the Court, and that the exercise of that discretion will not be disturbed unless it appears that the discretion has been abused; that is to say, that it amounts to an error of law." *Edwards v. Cottingham*, 171 S. C., 131, 171 S. E., 621, 622.

In the case of *State v. Rhodes*, 44 S. C., 325, 21 S. E., 807, 22 S. E., 306, this Court, considering a motion for new trial on after-discovered evidence, said: "We, however, avail ourselves of this opportunity to say that the universally recognized doctrine is that applications of this kind should be scrutinized with great caution, in order to avoid delays, and prevent any obstructions to the administration of justice. As was said by the late Chief Justice Simpson in the case of *State v. David*, 14 S. C., at page 432, 'There can be no doubt that motions of this sort should be received with the utmost caution, because, as it is said by a learned judge, there are but few cases tried in which some-

thing new may not be hunted up, and also because it tends to perjury; and as was said in the case of *State v. Harding,* 2 Bay, 268, it would have a mischievous tendency, after all the evidence on the part of the State had been fully disclosed, to allow one, with his life in danger, an opportunity, by the assistance of confederates, to procure unprincipled witnesses to contradict the evidence on the part of the State, and thereby defeat the ends of justice.' "

It goes without saying that nothing herein said is intended to, nor does it, cast the slightest imputation upon the counsel for appellant. They are gentlemen of the highest integrity and character, and their standing at the bar places them far above the faintest suggestion of any wrongdoing.

The judgment is affirmed, and the appeal is dismissed.

MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER concur.