15694

STATE v. ATKINS

(32 S. E. (2d), 372)

*Mr. S. N. Burts* and *Mr. C. Yates Brown,* both of Spartanburg, S. C., Counsel for Appellant,

*Mr. Sam R. Watts,* Solicitor, of Spartanburg, S. C., appeared as Counsel for the State, Respondent.

December 6, 1944.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous Opinion of the Court:

The appellant, Elbert Atkins, was jointly indicted with his brother, Maas Atkins, for larceny of one 1941 V-8 Ford Coach and a pair of handcuffs, the property of H. H. Hatchett, and for receiving the same, knowing them to have been stolen. Appellant was convicted of receiving the automobile, knowing it to have been stolen, and he appeals. The defendant Maas Atkins was acquitted.

Upon the call of the case, the defendants moved for severance and a separate trial upon the ground that the defenses of the two defendants would be altogether different and inconsistent; that testimony to be offered by the prosecution would be admissible and relevant as to one, but inadmissible and incompetent as against the other; and that the facts which affect one would not involve the other.

Counsel for the appellant concede the general rule ▮ that a motion for severance is addressed to the sound discretion of the trial court. *State v. Mathis,* 174 S. C., 344, 177 S. E., 318; *State v. Francis,* 152 S. C., 17, 149 S. E., 348, 70 A. L. R., 1133. But in this case they allege that the discretion vested in the Court was erroneously exercised.

In *State v. Mathis, supra,* and *State v. Francis, supra,* the same grounds were presented for severance as are advanced here, and the Court refused to interfere with the ruling of the trial Judge.

Upon the authority of the above-cited cases, in the ▮ light of this record, we are unable to find any abuse of the discretion vested in .the trial Court in denying the motion for severance and a separate trial.

The next assignment of error deals with the admission of certain evidence with reference to a black Ford coupe which was stolen from the Spartan Motor Company by Donald Mauney and Alvin Mason, and sold for $30.00 to Guy Atkins, a brother of appellant. It is contended that this testimony had no connection with the car alleged to have been stolen or received by defendants, Elbert Atkins and Maas Atkins; and that proof of the theft and sale of the Ford coupe by the admitted thieves, and the selling of it to a third party, could in no way tend to prove that the defendants in this case knew or had any guilty knowledge of the theft of the car charged in the indictment.

A brief review of the evidence will throw light upon the situation presented by this assignment of error:

On the night of November 10, 1943, about 9 o'clock, the 1941 V-8 Ford. coach mentioned in the indictment was stolen from H. H. Hatchett, a member of the rural police force of Spartanburg County, by Alvin Mason and Donald Mauney, youths nineteen years of age. At the time of the

theft, the car was parked on East Main Street in the City of Spartanburg. Mr. Hatchett testified that when he left his car the ignition switch was locked, but the doors were not locked. He possessed duplicate keys: one remained in his pocket, and the other was left in the keyhole of the glove compartment; and in the glove compartment he had left a pair of handcuffs.

The larceners, Alvin Mason and Donald Mauney, were offered as witnesses for the prosecution. They admitted the theft, and said that upon stealing the car they drove directly to the Atkins garage, located in the vicinity of Campobello, in the northwestern part of Spartanburg County, for the purpose of selling it to the appellant, Elbert Atkins. Upon reaching the garage they went upstairs to a room which Guy Atkins occupied as his home, and they spent the time in drinking until Elbert Atkins arrived. When he came in they told him that they had a car outside for sale. Elbert went down, and after inspecting it agreed to purchase it for the sum of $100.00. But it appears from the testimony of the larceners that he paid them only $40.00. According to the State's evidence, the car when stolen was worth $1,050.00. The two boys gave Elbert no bill of sale for the car, and after the sale Elbert, in his own car, drove Mason and Mauney back to the City of Spartanburg.

The two boys testified that about three hours prior to the sale of the Hatchett car, they had been to the Atkins garage for the purpose of selling to Guy Atkins the black Ford coupe stolen from the Spartan Motor Company, to which reference has already been made; and that upon this occassion they saw Elbert Atkins.

It was at this point that counsel for the appellant objected to the relevancy of any evidence relating to the Ford coupe.

Appellant stated over objection, upon cross examination, that he knew before he bought the Hatchett car, that these

boys had brought the Spartan Motor Company car to the Atkins garage and had sold it to his brother Guy on the night of November 10th; and that later that night he bought from them the Hatchett car. We might say here, however, by way of parenthesis, that throughout other portions of his testimony, Elbert Atkins contended that he bought only the body of the Hatchett car, and that the boys had brought this body to his garage upon a truck.

When later the sheriff of the county and his officers, together with Mr. Hatchett, made a search of the Atkins garage, they found the body of Mr. Hatchett's car on another chassis, and with a different steering wheel. Upon it was a changed license number, placed there by appellant—a dealer's license number, X-2229—which was used by appellant in his business as a second-hand car dealer. The steering wheel and bumpers had been taken from the body and were found in the garage. A short-wave radio had been taken from the body, but this was not found. The tires were missing; also the tools. And different seat cushions had been substituted for the ones which were in the car when it was stolen.

The three brothers, Guy, Elbert, and Blake Atkins, were the owners of the garage. The defendant, Maas Atkins, whose initials were M. C. Atkins lived at Tryon, North Carolina, was also engaged in the sale of used cars, and made trips back and forth from his home in Tryon to the home of his brothers in Spartanburg County. All of these brothers carried on their business under the name of M. C. Atkins & Company. It was in this name that they applied for and received dealer's license plates from the State Highway Department. In their testimony the defendants vigorously denied that any true partnership existed among the Atkins brothers; they stated that they bought and sold cars separately and individually, and that they did not share profits or losses. But it may easily be inferred from the testimony,

despite their protestations, that they were intimately associated in various matters connected with the second-hand car business, and mutually helpful.

We now come to a consideration of whether the testimony was admissible with reference to the sale of the stolen Spartan Motor Company Ford coupé to Guy Atkins—a sale made by the two boys three hours before they sold the Hatchett car to the appellant, and a sale which appellant said he knew had been made.

It was stated in *State v. Rickenbaker,* 187 S. C., 448, 198 S. E., 43, that the elements necessary to the commission of the crime of buying and receiving stolen goods knowing them to have been stolen, are: First, were the goods stolen; and, second, did the appellants receive them knowing them to have been stolen, and with fraudulent intent. And to the same effect see *State v. Rountree,* 80 S. C., 387, 61 S. E., 1072, 22 L. R. A. N. S., 833; *State v. Winter,* 83 S. C., 251, 65 S. E., 243; *State v. Jacob,* 30 S. C., 131, 8 S. E., 698, 14 Am. St. Rep., 897.

Speaking to the subject in *State v. Hamilton,* 166 S. C., 274, 164 S. E., 639, 640, we said: "In the trial of a person on the charge of receiving stolen goods and in determining whether or not such person knew that the goods were stolen * * *, it is not necessary that the person from whom the goods were received should state that the goods were stolen, but the jury may reach such conclusion, that the person receiving the goods knew the same were stolen, from the surrounding circumstances under which they were received, and it is proper for the jury, in passing upon such issue, to take into consideration the surrounding circumstances under which the goods were received."

Guilty knowledge or belief may be proved by direct evidence, or, since it is rarely the subject of direct and positive proof, by any surrounding facts and cir-

cumstances from which such guilty knowledge may be inferred. "A belief without actual knowledge is sufficient." *State v. Rountree, supra* (80 S. C., 387, 61 S. E., 1073). And see Annotation 105 A. L. R., 1288.

The evidence objected to, concerning the sale of the stolen Spartan Motor Company coupe to Guy Atkins, was not offered to prove any substantive offense on the part of the appellant, but merely as a circumstance to be considered by the jury in connection with all of the other circumstances as tending to show his guilty knowledge that the car be bought from the two larceners was stolen property. This testimony related to a transaction closely connected in character, time and place with the issue to be established; and sufficient to reasonably support some inference, when considered with the other circumstances, that the accused, when he received the property in question had guilty knowledge or belief of its larcenous character.

In our opinion, the evidence with reference to the first sale was competent and relevant as showing the circumstances surrounding the appellant when he bought the Hatchett car.

The appellant complains that the Court erred in not permitting the defense witnesses, Caldwell Varn and J. W. Dopson, to testify in regard to transactions had by them with the State's witnesses, Alvin Mason and Donald Mauney, in connection with other cars, subsequent to the alleged offense. We see no error in the action of the Court. The transactions in question had no connection whatever with the offense charged in the indictment; they were subsequent thereto, and concerned the sale of cars in no way related to the one under investigation.

Error is assigned because it is said the Court refused to permit the defendant Maas Atkins to explain the custom of dealers with reference to dealer's tags or

license plates. The Court, upon the objection of the prosecuting attorney, refused to permit this defendant to testify as to the custom of other dealers, upon the ground that custom could not vary or change the statute which provides that licenses obtained by dealers are to be used on the dealers' own cars. In making this ruling, the Court stated: "Let him testify that all of them (the Atkins brothers) used these tags on these cars or on other cars in their possession and under their control; but I am not going to let him testify to a custom among dealers against the law."

We perceive no merit in the exception raising this issue.

Finally, it is contended that the Court erred in permitting the solicitor upon cross examination of the defendant, Maas Atkins, who had not put his character in evidence, to bring out the fact that the defendant had some years before been convicted of highway robbery.

There is no merit in this assignment of error because the defendant, Maas Atkins, was acquitted in the case at bar; and the introduction in evidence of his former conviction could not have prejudiced the appellant.

Judgment affirmed.

Mr. Chief Justice Baker and Messrs. Associate Justices Stukes, Taylor, and Oxner concur.