15980

### STATE v. McCRACKEN
(43 S. E. (2d) 607)

*Mr. W. D. Jenerette,* of Mullins, for Appellant,

*Mr. J. Reuben Long,* Solicitor, of Conway, for Respondent,

August 8, 1947.

TAYLOR, Justice: The appellant and one Howard Conner were jointly indicted in two separate counts with violation of Section 1616, Subsection 29, Code of Laws for 1942, which reads as follows: "When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of reckless homicide."

The case came on for trial at the October term, 1946, Court of General Sessions for Marion County, before the Honorable G. B. Greene, presiding Judge, and a jury. It was agreed by counsel for all parties that the separate charges in the two indictments would be tried together. A motion was made by counsel for Howard Conner, that the two defendants be tried separately, which motion was overruled by the presiding Judge. At the conclusion of the State's testimony, motions were made by counsel for both parties for a directed verdict of not guilty, which was granted as to Howard Conner. The case proceeded against the appellant, resulting in a verdict of guilty as charged. Timely motion was made for a new trial by counsel for the appellant which was refused, whereupon he was sentenced to serve a period of 18 months in each case, the sentences to run concurrently; and the defendant now appeals to this Court upon the following exceptions:

1. That the Court erred in refusing motion for severance at the call of the case for trial.

2. That the Court erred in ordering defendants, Howard Conner and Berlon McCracken, to trial jointly when sufficient notice was given that the testimony of the defedants would be directly contradictory as shown by the testimony at the coroner's inquest.

3. That the Court erred in directing a verdict of not guilty as to Howard Conner, at the close of the State's case for the reason that the two girls lost their lives by being struck by the Conner car and that skid marks made by the Conner car

extended for a distance of approximately 40 yards beginning at the center of the highway and extending to the point of the impact which clearly showed gross negligence on the part of Howard Conner.

4. That no testimony was offered by the State from any witness who was present at the point and time of the accident, and the closest witness to the scene of the accident who testified, was from 250 to 500 yards away and therefore could not testify with accuracy as to what actually happened.

5. That the Court erred in refusing to charge the law relative to motor propelled vehicles by minors under age of fourteen years.

6. That the Court erred in refusing defendant Berlon McCracken's motion for a new trial when it was clearly shown to the Court by affidavit of Weldon Stevens, who was riding in the Conner car, which affidavit was a part of the coroner's inquest and which affidavit reads as follows: "We went to the hospital to give a lady some blood and we got away about 4:30, we went around the green Ford and started around the jeep, the girls were far enough ahead of the car that we could have got back on the other side. They darted back on the road and our brakes locked. If the girls had come straight they probably would not have hit the Ford, and after that this jeep speeded up and turned off to the right."

7. The court erred in refusing defendant McCracken's motion for a new trial because the evidence was wholly contradictory as adduced from the witnesses for the State and that the physical imprints on the highway clearly showed that the Conner car undertook to pass the McCracken jeep with the two girls clearly in view, knowing that the situation was dangerous and thereby assuming the risk which cost the lives of the two girls.

A motion for severance is addressed to the sound discretion of the trial Court and a study of this record does not disclose an abuse of such discretion. *State*

*v. Mathis,* 174 S. C. 344, 177 S. E. 318; *State v. Francis,* 152 S. C. 17, 149 S. E. 348, 70 A. L. R. 1133; *State v. Atkins,* 205 S. C. 450, 32 S. E. (2d) 372. Hence the exceptions 1 and 2 are overruled.

The appellant McCracken and one Howard Conner, on the afternoon of September 18, 1946, were traveling in the direction of Nichols, South Carolina, from Mullins, South Carolina, McCracken driving a jeep and Conner driving a Ford. There is testimony to the effect that as the Conner car attempted to pass the jeep driven by McCracken, the jeep passed to the left of the center of the highway, forcing the Conner car still further to the left; that at that time they were meeting two young girls, Bernice Harrelson and Eunice McMillan who were riding a motor bike traveling towards Mullins, meeting the oncoming cars; that the road was an eighteen-foot highway and five-foot surface treated extensions on each side; that the motor bike ridden by the girls was traveling along, what was to them, the right side of the highway on this extension. The car driven by Conner crashed into the motor bike, killing both of the girls; while the jeep proceeded along its way, apparently unmindful of the tragedy.

The State bottoms its case upon the theory that the McCraken car was operated in such a reckless and negligent manner as to force the Conner car to the left of the highway, and that although it did not come in contact with the motor bike, such actions were responsible for the collision, and produced testimony to the effect that between 12 and 1 o'clock that day appellant McCracken and some other young men had a quart of whiskey and were drinking; that at about 5 o'clock one Walter Smith, driving from Nichols to Mullins, saw this red jeep whipping from one side of the road to the other so much so that he pulled to the side of the highway to avoid a collision, One R. L. Wallace testified that when he observed the jeep "it was coming along just like a breeze and was all over the road", and that he pulled over to the side of the road and parked in order to

avoid a wreck. An eyewitness to the wreck stated that he "looked up and seen the jeep coming, just wobbling all over the road; well, then, just in a second or two a Ford went to go around this jeep and the jeep just hugged right to the Ford and they all got on the left hand side of the road and when he hit those girls, they were coming about side by side". Question: "Could you tell which one struck the girls?" Answer: "Yes, sir; the Ford car." Question: "You say the jeep was doing what?" Answer: "It was, when it was coming down the road, it was just wobbling all over the road but when this Ford undertook to come by it, well, it run right towards the Ford; well, that shoved the Ford to the offside of the road".

It is contended the Court was in error in directing the verdict of not guilty for Conner at the close of the State's case by reason of the fact that McCracken's car did not strike the deceased and that there was testimony that should have gone to the jury as to Conner. With each defendant taking the position that he was not guilty of any negligence, but the recklessness and negligence of the other defendant was responsible for the collision, a directed verdict of not guilty by the Court as to one placed an unreasonable burden upon the other. This Court is not called upon to pass upon whether or not the case of the defendant Conner should have been submitted to the jury, but a study of the record does show that there was sufficient evidence to submit the case to the jury as to the appellant McCraken. Therefore, exceptions 3 and 4 must be overruled.

Exception 5 must also be overruled as the record does not reveal any necessity or request (and therefore no refusal) to charge the law as set forth in this exception. On the contrary, the trial Judge, at the conclusion of his Charge, inquired, "Now, gentlemen, have I overlooked anything to which you wish to call my attention?" and counsels' reply was, "Nothing, Your Honor."

Exceptions 6 and 7 must also be overruled for the reasons set forth above.

It is the opinion of this Court, therefore, that all exceptions should be overruled, and the judgment of the trial Court affirmed; and it is so ordered.

Judgment affirmed.

BAKER, CJ., FISHBURNE, STUKES and OXNER, JJ., concur.