16050

## STATE v. McDOWELL
(46 S. E. (2d) 549)

*Messrs. George W. Freeman, Jr., J. E. Dudley* and *William F. Stevenson,* of Bennettsville, and *Mr. Neville Bennett,* of Clio, for Appellant,

*Mr. Sidney S. Tison,* Solicitor, of Bennettsville, for Respondent,

March 2, 1948.

TAYLOR, Justice: The appellant, Rudolph McDowell, was tried and convicted of assault and battery with intent to kill at the 1946 Fall Term of General Sessions Court for Marlboro County. At the conclusion of the State's case, attorneys for the appellant made a motion for a directed verdict of not guilty which was refused; and the case submitted to the jury who found the appellant guilty as charged. Motion was duly made for a new trial which was refused, and the appellant sentenced to three years at hard labor upon the public works of Marlboro County or a like period in the State Penitentiary, from which judgment and sentence the defendant now appeals to this Court upon exceptions which raise the following questions:

1. Whether or not the Court erred in refusing the motion for a directed verdict of not guilty at the conclusion of the State's case.

2. Should there not have been a charge as to lesser offenses under the indictment of assault and battery with intent to kill?

3. Should not the evidence as to a second gun have been stricken?

4. Was the charge of presumption of defendant's innocence in error?

5. Was it error not to grant a new trial upon motion of defense counsel, the error being that the evidence did not show the guilt of the defendant beyond a reasonable doubt?

6. Did the Court err in refusing the motion for a new trial in that there was no charge as to circumstantial evidence?

Appellants state that their main contention is based on the exceptions which raise the first question.

An examination of the testimony shows that on or about the 30th of March, 1946, at about 10:00 o'clock p. m., while on their back porch, Mr. and Mrs. J. C. Clark and their young son Marion Wallace Clark, about thirteen years of age, were fired upon with a shotgun by some one from the dark, all three being hit. There is testimony to the effect that some time prior to that, trouble had developed between the Clarks and McDowell because of the McDowell dog eating eggs, McDowell being requested to keep his dog up. But some time during December of the previous year, the dog was loose again and killed a small dog belonging to the Clarks on their porch, whereupon Marion Wallace Clark shot and killed the McDowell dog. While looking at the dying dog McDowell told the boy that "Shooting the dog will shorten your days." There was also testimony to the effect that tracks led from near the chicken yard, where an empty shotgun shell was found, to the defendant's back porch. Silas Jackson, Jr., who had been jointly indicted with the defendant, plead guilty as charged at the previous term of Court and implicated the defendant, and testified for the State in this case to the effect that he had done the shooting at the solicitation of the defendant who had discussed the proposed shooting with him before the night in question; that on this occasion, McDowell accosted him, saying that he had two shotguns (one painted and one not painted) in the car; that he and McDowell went to the Clark place together; that after he had fired one shot, he reloaded and fired again at the boy, the gun being a single-barrelled

gun, and McDowell having given him two shells whereupon he handed the gun to the defendant and left the scene, going to his father's home; that this happened on a Saturday night and he was arrested the following Thursday; that at the time of the shooting, he had one gun and McDowell had another, and that McDowell told him, "If I ever hear of you giving me away on this case, I am going to get you."

There are many discrepancies in the witness, Silas Jackson, Jr.'s testimony, such as, at one time he says that he fired the shots immediately upon reaching the scene, while at another he says he waited thirty minutes. At one time he says the defendant offered to pay him $25.00, which he refused, and that McDowell then threatened him with a shotgun; and yet at another time, he testified to the Court when he plead guilty (which is a part of this record) that it was a pistol. At one time he said that he used a single-barrelled painted gun, and yet at another he said he didn't know which gun it was as it was dark; all of which makes it very difficult for the Courts to ferret out the truth, but the undisputed testimony is to the effect that the Clarks were shot with a shotgun while on their porch at or about the time described; that an empty shotgun shell was found near the chicken yard, as described by Jackson, with tracks leading therefrom to McDowell's porch; which coupled together with the other evidence and all the circumstances in the case was sufficient to send it to the jury for its determination. Therefore, the first question is resolved against the appellant.

The second question is also resolved against the contention of appellant in that under the testimony, if believed, he and Jackson over an extended period of time premeditated and planned the crime; that on the night in question, there were tracks indicating that the Clarks' assailants had waited for them to emerge from their home; that everything done was planned in advance. There was no evidence that the act was committed in sudden heat of

passion upon a sufficient legal provocation. Therefore the only question to be presented to the jury was whether or not the defendant was guilty or not guilty. *State v. Cameron,* 137 S. C. 371, 135 S. E. 364.

Two shotguns were found at defendant's home and testimony of a ballistics expert was offered by the State to the effect that the shell found at the scene was not fired by the painted gun described by the witness, Jackson, at one place in his testimony, as the gun used; but that he was unable to arrive at a definite decision as to the other gun. Appellant now contends this evidence should have been stricken, but such was not objected to at the time offered, and was, on the whole, favorable to the defendant. This Court sees no error therein.

Question 4 is also resolved against the appellant in that the charge taken as a whole is very clear, and it is difficult to see how the jury could have been confused or misled thereby.

Question 5 is also resolved against the appellant for reasons stated in the disposition of Question No. 1.

The last question, which alleges error on the part of the trial Judge in failing to charge circumstantial evidence, is also dismissed. There is no doubt as to the correctness of the proposition that when the State depends entirely upon circumstantial evidence for the conviction of an accused, it is the duty of the trial Judge to instruct the jury as to the law governing testimony of that class. In instant case, the State, as seen by the foregoing, did not rely wholly upon circumstantial evidence for conviction of the defendant, but direct and positive testimony was presented as to the participation of the defendant. No request was made by appellant, who was represented by able counsel, that such charge be made. In the absence of which, where the State does not rely wholly upon circumstantial evidence, it is not incumbent upon the trial Judge to charge the law pertain-

ing thereto. *State v. Rickenbaker,* 187 S. C. 448, 198 S. E. 43; *State v. Atkins,* 205 S. C. 450, 32 S. E. (2d) 372; *State v. Baker,* 208 S. C. 195, 37 S. E. (2d) 525; *State v. Gatlin,* 208 S. C. 414, 38 S. E. (2d) 238.

It is the opinion of this Court that all exceptions should be dismissed; and it is so·ordered.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.