16850

STATE v. MILLS

(81 S. S. (2d) 285)

*D. N. Rivers, Esq.,* of Ridgeland, *for Appellant,*

*Randolph Murdaugh, Esq., Solicitor,* of Hampton, *for Respondent.*

March 29, 1954.

TAYLOR, Justice.

Appellant was tried and convicted in the General Sessions Court for Jasper County of having violated Section 1161 of the 1942 Code of Laws which appears as follows:

"Receiving stolen goods misdemeanor.—In all cases whatever, where any goods or chattels, or other property of which larceny may be committed, shall have been feloniously taken or stolen by any person or persons, every person who shall buy or receive any such goods or chattels or other property, knowing the same to have been stolen, shall be held and deemed guilty of, and may be prosecuted for, a misdemeanor, and upon conviction thereof shall be punished by imprisonment, although the principal felon or felons be not previously convicted, and whether he, she or they is, or are, amenable to justice or not: provided, that when the chattel or other property stolen shall be of less value than twenty dollars, the punishment shall not exceed imprisonment in the county jail for thirty days, or a fine of not more than one hundred dollars."

This appeal presents mainly the question of whether or not it was error to charge: "The State must show guilt in knowledge of the larceny beyond a reasonable doubt, by evidence tending to show that the goods were stolen upon inquiry or to arouse such suspicion as would put an ordinary person on inquiry." We are very doubtful that the quoted portion of the charge is reported correctly by the court reporter; however, be that as it may, we are bound as it appears in the record.

It is contended that the test is not whether or not the circumstances under which the stolen goods were acquired

were such as to impart such knowledge to one of ordinary reason and prudence but whether they were sufficient as to the Appellant.

In *State v. Hamilton,* 166 S. C. 274, 164 S. E. 639, 640, this Court stated:

"However, we do not understand that the rule of law of force goes so far as to authorize a conviction on such charge simply because the person receives the goods under such circumstances that a person of ordinary reason, judgment, and prudence would know that they were stolen. Under an indictment charging a person·with receiving stolen goods, knowing them to have been stolen, it is not a question of what effect the circumstances under which the goods were received would have upon the mind of a person of ordinary reason, judgment, and prudence, but the question to be answered is, What effect did such circumstances have upon the mind of the person receiving the goods?"

And the more recent case of *State v. White,* 211 S. C. 276, 44 S. E. (2d) 741, 742, is conclusive of this question wherein it is said "facts sufficient to put a reasonably prudent man on inquiry are not sufficient." The foregoing is in accord with the well established law of this State, *State v. Daniels,* 80 S. C. 368, 61 S. E. 1073; *State v. Rountree,* 80 S. C. 387, 61 S. E. 1072, 22 L. R. A., N. S., 833; *State v. Simon,* 126 S. C. 437, 120 S. E. 230; *State v. Atkins,* 205 S. C. 450, 32 S. E. (2d) 372.

In view of the fact that it is our opinion that the judgment of the Court must be reversed and the case remanded for a new trial, we will not discuss the question relating to the evidence other than to say that it was sufficient to require submission of the case to the jury.

Judgment reversed.

BAKER, C. J., STUKES and OXNER, JJ., and BAKER, Acting Associate Justice, concur.