**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Robert Timothy Artis, Appellant.

Appellate Case No. 2012-211727

Appeal From York County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2013-UP-491
Submitted December 1, 2013 – Filed December 23, 2013

**AFFIRMED**

Appellate Defender Carmen Vaughn Ganjehsani, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

**PER CURIAM:** Robert Artis appeals his conviction for petit larceny, third offense, arguing the trial court erred in: (1) refusing to require the State to elect to prosecute either petit larceny or receiving stolen goods; and (2) refusing to grant a

directed verdict of acquittal where the evidence merely raised a suspicion of his guilt.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the motion to require the State to elect:  *City of Greenville v. Chapman*, 210 S.C. 157, 159, 41 S.E.2d 865, 866 (1947) ("[A] motion to elect is addressed to the sound discretion of the court."); *id*. at 160, 41 S.E.2d at 866 ("The rule in this state is that distinct offenses-felonies or misdemeanors-may be charged in separate counts of the same indictment, whether growing out of the same transaction or not. If the several offenses charged do not grow out of the same transaction, then the proper practice is to require the prosecuting officer to elect upon which count he will proceed." (quoting *State v. Lee*, 147 S.C. 480, 483, 145 S.E. 285, 286 (1928))); *id*. ("But, when several offense[s] charged grow out of the same transaction, then the prosecuting officer is not required to elect, and the court instructs the jury to pass upon the several counts separately, and write their verdict accordingly." (quoting *Lee*, 147 S.C. at 483, 145 S.E. at 286)).

2.  As to the directed verdict on petit larceny, third offense:  *State v. Venters*, 300 S.C. 260, 264, 387 S.E.2d 270, 272 (1990) (holding that in reviewing a denial of a motion for a directed verdict, an appellate court must review the evidence in the light most favorable to the State); *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) (noting that if any direct evidence or any substantial circumstantial evidence reasonably tends to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury); *State v. Miller*, 287 S.C. 280, 284, 337 S.E.2d 883, 886 (1985) (holding the defendant's possession of a stolen item and the fact that he sold the stolen item for a fraction of its actual value, was "competent circumstantial evidence of larceny," and a reasonable juror could have found the defendant guilty of larceny).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.