18718

The STATE, Respondent, v. Freeman POINSETT, Appellant

(157 S. E. (2d) 570)

*Messrs. Ernest A. Finney, Jr., and Ruben L. Gray,* of Sumter, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General, and Emmet H. Clair, Assistant Attorney General,* of Columbia, *and J. M. Long, Jr., Solicitor,* of Conway, *for Respondent,*

October 26, 1967.

Moss, Chief ustice.

Freeman Poinsett, the appellant herein, was indicted by the Grand Jury of Georgetown County at the 1966 September term of court, and charged with (1) assault with intent to kill and (2) pointing and discharging a firearm at Benton Roberts, Jr., and J. A. Beverley, police officers, in violation of Section 16-141 of the Code. When this case was called for trial the appellant made a motion to require the State to elect on which of the two counts in the indictment it would go to trial. The motion was granted and the State elected

to go to trial upon the second count contained in the indictment. The appellant was tried, convicted and sentenced upon this count of the indictment and from such appeals to this court.

The record shows that on July 9, 1966, a warrant of arrest was issued by the mayor of the Town of Andrews charging the appellant with a violation of Section 16-105 of the Code by interfering with police officers Wilson Wiggins and James Beverley while they were attempting to make an arrest in the Town of Andrews. At approximately 12:30 A.M. Sunday, July 10, 1966, officers of the Town of Andrews went to the home of the appellant for the purpose of serving the aforesaid warrant and arresting him. The State asserts that the appellant, in resisting the service of the warrant, pointed a pistol and discharged same at the officers above named.

The appellant has filed a number of exceptions to the rulings of the trial judge. Many of these have been abandoned and we will consider only the ones that are applicable to the questions argued in the brief of the appellant.

It is the position of the appellant that the warrant charging him with a violation of Section 16-105 of the Code could not be served upon him on Sunday. He invokes Section 17-259 of the Code which provides as follows:

"No criminal process shall be served on Sunday, except for treason, felony, violation of the law relating to intoxicating liquors or breach of the peace."

The appellant challenges the jurisdiction of the Court of General Sessions of Georgetown County on the ground that the indictment was unlawful because it charged an offense which arose out of an attempted illegal service of a warrant in violation of the foregoing cited section of the Code. The appellant further alleges that the court erred in refusing to submit to the jury a charge that if they found from the testimony that the warrant was being served on Sunday morning that the officers were not acting within the

scope of their authority and were, in fact, trespassers upon his property.

The appellant, by his testimony, denied that he pointed a pistol or discharged same while the officers were attempting to serve a warrant upon him. The testimony in behalf of the State is to the contrary.

A person has a right to resist an unlawful arrest even to the extent of taking the life of the aggressor if it be necessary in order to regain his liberty. *State v. Bethune,* 112 S. C. 100, 99 S. E. 753; *State v. Robertson,* 191 S. C. 509, 5 S. E. (2d) 285. However, when an officer holds a valid warrant for the arrest of a person, and when it is being served in accordance with law, it is the duty of the person whose arrest is sought to submit peaceably. The appellant's right to resist the attempted arrest for an alleged violation of Section 16-105 of the Code depended upon whether or not the warrant could be served on Sunday regardless of the appellant's guilt or innocence of the charge therein contained.

Pursuant to Section 17-259 of the Code criminal process relating to a breach of the peace may be served on Sunday. The term "breach of the peace" is a generic one embracing a great variety of conduct destroying or menacing public order and tranquility. In general terms a breach of peace is a violation of public order, a disturbance of the public tranquility, by any act or conduct inciting to violence, which includes any violation of any law enacted to preserve peace and good order. *State v. Edwards,* 239 S. C. 339, 123 S. E. (2d) 247.

Section 16-105 was enacted to preserve the public peace and a violation of such statute would be an offense against the peace. Section 16-105 is codified as a part of chapter 4 entitled "Offenses Against The Peace". Vol. 4, page 466 of the Code. It follows that the commission of a crime that is an offense against the peace would constitute a breach of the peace. It is our conclusion

that the term "breach of the peace" in Section 17-259 of the Code is used in its generic sense and a warrant charging a crime which violates the public peace can be served on Sunday. The warrant here under consideration charged an offense which was within the exception contained in Section 17-259 of the Code and could be lawfully served on Sunday.

Having determined that the warrant charging the appellant with a violation of Section 16-105 could be legally served on Sunday the exceptions of the appellant must necessarily be overruled because all of them are premised upon the illegality of the service of the warrant in question.

The judgment of the lower court is affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.