22721

The STATE, Respondent v. Eron James TASCO, Appellant.
(356 S. E. (2d) 117)

Supreme Court

---

[2] In fact, Buyer admits owing Seller $4,957.27.

*Asst. Appellate Defender Stephen P. Williams,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Randolph Murdaugh, Jr.,* Hampton, *for respondent.*

Heard March 10, 1987.

Decided May 11, 1987.

FINNEY, Justice:

Eron James Tasco, the appellant, was indicted for armed robbery and robbery. The case was submitted to the jury on both charges, and the jury convicted appellant of armed robbery. We affirm.

In a single exception, the appellant alleges the court erred in denying his motion for a directed verdict, asserting the state failed to prove beyond a reasonable doubt that appellant was armed with a deadly weapon at the time the robbery occurred.

The weapon used in the robbery was not introduced at trial. The only evidence pertaining to its description was testimony from the victim and Joseph Jerome Simmons, who pled guilty to armed robbery growing out of the same incident. Simmons testified that the instrument used was a toy gun which had been thrown away after the robbery. The relevant portion of the victim's testimony is as follows:

> Q. Could you tell what kind of gun that was?
> A. Not exactly. I am not that familiar with guns.
> Q. Do you even know whether it was a real gun or not?

A. Possibly could have been.
Q. Could have been a real gun?
A. Yes.

. . . . .

Q. . . . Did you believe that gun to be a toy pistol or a real pistol?
At the time, I thought it was a real pistol . . .

The sole issue in this case is whether or not there was sufficient evidence of the use of a deadly weapon to submit the question of armed robbery to the jury. Under the statutory law of the State of South Carolina, S. C. Code Ann. § 16-11-330 (1976), armed robbery is defined as "robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor or other deadly weapon . . ."

This court ruled in *State v. Bailey*, 273 S. C. 467, 257 S. E. (2d) 231 (1979), that an inoperable gun is a deadly weapon for the purposes of the statute defining armed robbery. The Supreme Court of North Carolina, in *State v. Thompson*, 297 N. C. 285, 254 S. E. (2d) 526, 528 (1979), said "when a person perpetrates a robbery by brandishing an instrument which appears to be a firearm . . . in the absence of any evidence to the contrary, the law will presume the instrument to be what his conduct represents it to be, a firearm . . ."

Under the evidence in this case, the question of whether or not the instrument used in commission of the robbery qualified the incident as armed robbery was a factual determination for the jury. We conclude the trial judge correctly refused the motion for a directed verdict and properly submitted both robbery and armed robbery to the jury.

Affirmed.

GREGORY, HARWELL, JJ., and Acting Associate Justice BRUCE LITTLEJOHN concur.

NESS, C. J., concurring in separate opinion.

NESS, Chief Justice (concurring):

I concur in the majority opinion, but I emphasize the limited holding of this opinion.

The majority opinion does *not* hold a defendant may be convicted of armed robbery under S. C. Code Ann. § 16-11-330 (1976) when the evidence conclusively establishes

the weapon used during the robbery was a simulated gun.[1] Rather, the opinion merely holds when there is a factual dispute as to whether the weapon used was real or simulated, the factual issue is for the jury's determination. *See, State v. Mathis,* 287 S. C. 586, 340 S. E. (2d) 538 (1986) [a motion for directed verdict, trial judge is concerned with existence or nonexistence of evidence, not its weight.]. By finding appellant guilty of armed robbery, the jury in this case necessarily determined the weapon used by appellant during the robbery was real.

---

[1] This would be a novel issue in this state. Other jurisdictions are split on the issue. Annot. 81 A. L. R. (3d) 1006 § 11.