23059

TOWN OF SPRINGDALE, Appellant v. Jon Kevin BUTLER, Respondent.
(384 S. E. (2d) 697)

Supreme Court

*E. Danny Scott, William J. Buchanan,* both of *Setzler, Chewning and Scott,* West Columbia; and *James B. Richardson, Jr.,* of *Richardson and Smith,* Columbia, *for appellant.*

*James E. Hunter,* Cayce, *for respondent.*

Heard Jan. 23, 1989.

Decided Aug. 14, 1989.

TOAL, Justice:

This case involves the arrest of a person for disorderly conduct on his own property. Jon Kevin Butler was convicted by a magistrate and jury of disorderly conduct in violation of an ordinance in the Town of Springdale. The Circuit Court, however, reversed, holding not only that Butler was not guilty of disorderly conduct, but also that he had the right to resist the arrest even to the point of using deadly force. We disagree and reverse.

On March 11, 1987, Officer Clackley of the Airport Police Department and Officer Haynes of the Springdale Police Department were requested to investigate a complaint of loud music coming from a house in Springdale. Upon arriving at the house, the officers knocked on the door, explained that there had been a complaint and asked that the playing of the music be discontinued. The persons in the house were cooperative and agreed to stop playing the music. When the officers started going back towards their car, they were approached by the defendant, Jon Kevin Butler. Butler asked the identity of the person who had called in the complaint. According to the officers' testimony, Butler became belligerent, yelling obscenities at the officers. He ordered the officers to leave his property. Officer Haynes told Butler to calm down or he would be arrested. Butler continued to shout obscenities and swing his arms as he approached the officers. Butler was placed under arrest for disorderly conduct in violation of Chapter 4, § 15-401 of the Town of Springdale Code.

Butler was charged with disorderly conduct and resisting arrest. The resisting arrest charge was withdrawn. Butler was tried before the Lexington County Magistrate and a jury and convicted of disorderly conduct. On appeal to the Circuit Court, Judge Timmerman reversed the conviction.

## DISORDERLY CONDUCT

The Town of Springdale contends that there was sufficient evidence to support a conviction for disorderly conduct. We agree and, therefore, reverse the Circuit Court.

Disorderly conduct is not a common law crime and ▮▮ what constitutes an offense depends primarily on the wording of the particular ordinance providing for its punishment. *State v. Hill*, 175 S. E. (2d) 227, 254 S. C. 321 (1970). Section 15-401 of the Town of Springdale Code provides that a person will be guilty of disorderly conduct in the following situations:

(1) Any person who shall act in a violent or tumultuous manner toward another whereby any person is placed in fear of safety of his life, limb, or health;

\* \* \* \* \* \*

(3) Any person who shall endanger lawful pursuits of another by acts of violence, angry threats, and abusive conduct;

\* \* \* \* \* \*

(11) Any person who utters while in a state of anger in the presence of another any lewd or obscene words or epithets;

\* \* \* \* \* \*

(13) Any person who shall act in a dangerous manner toward others.

It is clear from the record that Butler's actions were specifically prohibited by this ordinance.

Butler argues that he was not in a public place and, therefore, cannot be guilty of disorderly conduct. Springdale, however, contends that the place where the conduct is committed is not an element of the offense, and therefore, the fact that Butler was on his private property does not defeat the charge. We agree. Unlike most municipal ordi-

nances, the Springdale ordinance does not require that the incident occur in a public area. As noted above, the wording of the particular ordinance controls the definition of the offense. Therefore, the offense does not have to occur in a public place in order for it to be charged under this ordinance.

## USE OF FORCE AGAINST OFFICERS

Springdale contends that the Circuit Court erred in holding that Butler had the right to use force to eject the police officers and to use deadly force in resisting the arrest. We agree.

The circuit court judge and Butler cite § 16-11-620 in support of the argument that the officers were required to leave the premises when requested to do so. Reliance on this statute is misplaced. This statute is not applicable because it refers to a person who is on the property "without legal cause or good excuse." Here, the police officers were responding to a complaint and therefore had legal cause to be on the property. Furthermore, the statute provides a monetary fine or imprisonment as the remedy. It does not grant the landowner the right to eject.

In addition, the trial court erred in finding that Butler had the right to use deadly force in resisting the arrest. Butler cites a line of cases that supports the contention that force may be used in resisting an unlawful arrest. *See e.g., State v. Bethune,* 112 S. C. 100, 99 S. E. 753 (1919); *State v. Robertson,* 191 S. C. 509, 5 S. E. (2d) 285 (1939); *State v. Poinsett,* 250 S. C. 293, 157 S. E. (2d) 570 (1967); *State v. DeBerry,* 250 S. C. 314, 157 S. E. (2d) 637 (1967).

We conclude that those cases are inapplicable to the situation at bar where the arrest was lawful.

Having reversed the Circuit Court, we need not address Springdale's remaining question.

Reversed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.