23132

The STATE, Respondent v. Joe Randall VENTERS, Appellant.

(387 S. E. (2d) 270)

Supreme Court

*Chief Atty. David I. Bruck* and *Deputy Chief Atty. Elizabeth C. Fullwood* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard Nov. 13, 1989.

Decided Jan. 8, 1990.

HARWELL, Justice:

Appellant Joe Randall Venters was convicted of driving under a suspended license. Prior to this prosecution appellant was convicted three times in South Carolina for

driving under a suspended license. Appellant subsequently obtained as Alabama driver's license. On October 14, 1987, appellant was ticketed in South Carolina for a speeding violation. The ticketing officer testified that appellant gave him a South Carolina address, but handed him an Alabama license. A check on appellant's prior South Carolina license showed that although the fixed period of suspension of his South Carolina license had ended, appellant's license continued to be technically suspended pending compliance with South Carolina's Financial Responsibility Act. Appellant was arrested and convicted for his fourth offense of driving under a suspended license. This appeal follows.

## DISCUSSION
### 1. *Trial Judge's Instruction*

In instructing the jury, the trial judge included the following:

> I further charge you that [the] privilege [to drive] once revoked can remain revoked regardless of whether or not that individual has a valid driver's license from some other state. He may have a privilege to drive in any number of states but it is the privilege that is, in fact, revoked, in South Carolina. It is unlawful to drive in South Carolina while that status of suspension still remains.

Appellant argues that this was an erroneous instruction. We agree. The applicable law in this case is S. C. Code Ann. § 56-1-475 (Supp. 1988) which states:

> ... [A]ny person whose driver's license has been suspended by the State Department of Highways and Public Transportation who has moved his residence to another state and has obtained a valid driver's license in such state may lawfully operate a motor vehicle within this State after the expiration of the period of time for which his South Carolina driver's license was suspended.

This statute provides that a person who has moved from South Carolina and established a permanent residence in another state is permitted to drive in South Carolina pur-

suant to a valid driver's license from the other state after the expiration of the fixed suspension period in South Carolina.

In this case, appellant's fixed period of the South Carolina suspension had expired and his South Carolina license remained only technically suspended because he had not provided proof of insurance under the South Carolina Financial Responsibility Act. The evidence also showed that appellant possessed an Alabama driver's license, which the police officer testified was valid. However, a factual dispute existed as to whether appellant was a resident of South Carolina or Alabama. Appellant's position is that he is a resident of Alabama and was a resident of Alabama at the time he was ticketed in South Carolina. However, the ticketing officer testified appellant told him that he was a resident of South Carolina.

Under Section 56-1-475, if the jury found appellant to be a South Carolina resident, he would have been unlawfully driving under a suspended license for failure to comply with insurance requirements set fourth in the South Carolina Financial Responsibility Act. However, if found to be a resident of Alabama, appellant would have been entitled to an acquittal under Section 5-1-475 because he would not need to comply with the South Carolina insurance requirements.

Under the trial judge's construction of Section 56-1-475, the jury could not have acquitted appellant even if they found him to be an Alabama resident. The trial judge's instruction provided that once an individual's license has been revoked or suspended in South Carolina, that person can never drive in South Carolina even if he becomes a nonresident, obtains a license in another state, and the fixed period of suspension has expired, *unless* he is in compliance with South Carolina's insurance requirements. Because this is an erroneous statement of the law under Section 56-1-475, we reverse and remanded for a new trial.

## 2. *Denial of Directed Verdict*

Appellant contends that because the evidence revealed that he was a resident of Alabama, possessed a valid Alabama driver's license, and his period of fixed

suspension had expired in South Carolina, he was entitled to a directed verdict as a matter of law under Section 56-1-475. In ruling on a motion for a directed verdict, a trial judge is concerned only with the existence of evidence, not with its weight. *State v. Hyman*, 276 S. C. 559, 281 S. E. (2d) 209 (1981). Unless there is a failure of competent evidence tending to prove the offense charged, the trial judge should refuse a defense motion for a directed verdict of acquittal. *State v. Jenkins*, 278 S. C. 219, 294 S. E. (2d) 44 (1982). In reviewing a denial of a motion for a directed verdict, the evidence must be reviewed in the light most favorable to the State and if there is any direct or any substantial circumstantial evidence, reasonably tending to prove the guilt of the accused, we must find that such issues were properly to be decided by the jury. *State v. Stokes*, 299 S. C. 483, 386 S. E. (2d) 241 (S. C. 1989); *State v. Edwards*, 298 S. C. 272, 379 S. E. (2d) 888 (1989); *State v. Irvin*, 270 S. C. 539, 243 S. E. (2d) 195 (1978).

In viewing the evidence in the most favorable light to the State, we find that the State presented sufficient evidence to raise a factual dispute as to whether appellant was a resident of Alabama or South Carolina. Only if the State had presented no evidence that appellant was a resident of South Carolina would he have been entitled to a directed verdict under Section 56-1-475. Consequently, the trial judge did not err in denying appellant's motion for a directed verdict. We need not address appellant's remaining exception.

Affirmed in part; reversed and remanded in part.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.