1652

The STATE, Respondent v. Dale Romondao HECK,
a/k/a Tony Johnston, Appellant.

(404 S.E. (2d) 514)

Court of Appeals

*Asst. Appellate Defender M. Anne Pearce of South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Randolph Murdaugh, III,* Hampton, *for respondent.*

Heard March 20, 1991; Decided May 6, 1991.

Rehearing Denied June 4, 1991.

SHAW, Judge:

Appellant, Dale Romondao Heck, also known as Tony Johnston, was convicted of armed robbery and sentenced to twenty-five years imprisonment. He appeals. We affirm.

The facts of this case are undisputed. On September 11, 1989, Heck entered a convenience store in Hardeeville, South Carolina, partially exhibited an object which appeared to be a gun and demanded money from a store employee. The employee testified appellant "had a gun" and told her to open the register and give him all of her money. She described the object in his hand as a dark or black gun and stated he appeared to be trying to hide it. She further testified she had trouble opening the register so "he point[ed] the gun in my side." When asked what she thought appellant had in his hand, she stated, "A gun, a pistol." Upon his apprehension later that day, officers found some money and a black BB gun or pistol with a towel over the top of it in appellant's car.

Appellant contends he was entitled to a directed verdict of acquittal as to the armed robbery charge arguing a BB gun is not a deadly weapon. The trial judge ruled a BB gun could cause serious bodily injury and submitted the case to the jury charging them on common law robbery as well as the statutory offense of armed robbery.

S.C. Code Ann. § 16-11-330 (1976), which provides the punishment for conviction of armed robbery, defines it as "robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor or other deadly weapon. . . ." Armed robbery occurs when a person commits robbery while armed with a deadly weapon and display of the deadly weapon is not required. *State v. Nix*, 288 S.C. 492, 343 S.E. (2d) 627 (Ct. App. 1986). Further, when a person commits a robbery while armed with a pistol or gun, such an instrument is considered a deadly weapon regardless of its inoperability. *State v. Henderson*, 286 S.C. 465, 334 S.E. (2d) 519 (Ct. App. 1985). A deadly weapon is generally defined as any article, instrument or substance which is likely to produce death or great bodily harm. *State v. Campbell*, 287 S.C. 377, 339 S.E. (2d) 109 (1985).

We agree with the trial judge that a BB gun is capable of producing great bodily harm. Therefore, the question of whether or not the instrument used in commission of the robbery qualified the incident as armed robbery was properly submitted as a factual determination for the jury under the evidence in this case. See *State v. Tasco*, 292 S.C. 270, 356 S.E. (2d) 117 (1987).

Affirmed.

GARDNER and BELL, JJ., concur.