477 S.E.2d 470

**In the Interest of DAVE G., a minor Under the Age of 17 years, Appellant.**

**No. 2569.**

Court of Appeals of South Carolina.

Submitted Sept. 10, 1996.

Decided Oct. 7, 1996.

Deputy Chief Attorney Joseph L. Savitz, III, of SC Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General G. Robert DeLoach, III, Columbia; and Solicitor Randolph Murdaugh, III, Hampton, for respondent.

STILWELL, Judge:

Dave G., a minor under the age of 17 years, appeals his conviction in family court for carrying a weapon on school property. We affirm.[1]

Dave was a seventh grader at Robert Smalls Middle School at the time of his conviction. On March 7, 1995, Deputy Sheriff Christopher Jones of the Beaufort County Sheriff's Department confronted Dave at school and asked him if he was carrying a razor blade. Dave admitted he was, and the assistant principal took the razor from him. Deputy Jones described the weapon as a "single edged instrument used— about maybe an inch in diameter and an inch in length used for cutting paper, opening boxes, and stuff like that."

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

The family court found Dave guilty of carrying a weapon at school, stating:

I find that a razor blade is a—is actually more inherently dangerous than a knife because it can be concealed in the hands and swiped and you can hurt someone a lot worse than if you had a knife. Razor blades have been used in many, many crimes, slitting throats, cutting up people. I find that they can also be used for other things as can pencils and pens and that sort of thing[ ]. But razor blades have an inherently dangerous quality. They're issued with warnings when they're bought in the store. Pens are not. I find that it certainly is a weapon within the statute. Other type of weapon, devi[c]e or object which may be used to inflict bodily injury or death.

The family court sentenced Dave to indefinite probation, not to exceed his twenty-first birthday.

■ Dave argues the family court erred in refusing to direct a verdict of acquittal because "a box-cutter with a blade two inches long or less, such as that possessed by appellant, is not a 'weapon' within the meaning of S.C.Code Ann. § 16–23–430 (Supp.1995)." Dave additionally argues the razor blade, having a blade only one inch long, is exempted from the statute because it is a "knife" with a blade of two inches or less. He asserts that if the legislature had desired to criminalize the carrying of razors, it would have specifically listed razors in this statute, as it did in South Carolina Code Ann. § 16–23–460 (Supp.1995) ("Carrying concealed weapons").

■ In reviewing the refusal of a trial court to grant a directed verdict of acquittal, we view the evidence in the light most favorable to the State to determine whether there is any evidence, either direct or circumstantial, that reasonably tends to prove the guilt of the accused or from which the guilt may fairly and logically be deduced. *State v. Creech,* 314 S.C. 76, 441 S.E.2d 635 (Ct.App.1994); *see also In re Bruce O.,* 311 S.C. 514, 429 S.E.2d 858 (Ct.App.1993) (applying the same standard in a juvenile proceeding).

South Carolina Code Ann. § 16–23–430 states, in pertinent part:

(1) It shall be unlawful for any person ... to carry on his person, while on any elementary or secondary school prop-

erty, a knife, with a blade over two inches long, a blackjack, a metal pipe or pole, firearms *or any other type of weapon, device or object which may be used to inflict bodily injury or death.*

(Emphasis added).

Whether the razor was a "weapon, device or object which may be used to inflict bodily injury or death," was a question of fact for the family court to decide. *See State v. Heck,* 304 S.C. 345, 404 S.E.2d 514 (Ct.App.1991) (because a BB gun is capable of producing great bodily harm, the question of whether it qualified as a "deadly weapon," so as to qualify a robbery as an "armed robbery," was a question of fact); *see also State v. Davis,* 309 S.C. 326, 422 S.E.2d 133 (1992) (whether an object has been utilized as a deadly weapon depends on the facts and circumstances of each case; under some circumstances, a human fist can be a deadly weapon). Implicit in the family court's order is the finding that the device in question is not a knife, but is an "other type of weapon, device or object which may be used to inflict bodily injury or death." We agree with both findings, and the family court was therefore correct to deny Dave's directed verdict motion.

**AFFIRMED.**

HOWELL, C.J., and HEARN, J., concur.