543 S.E.2d 578

**In the Interest of THOMAS EDWARD D., a minor under the age of seventeen years, Appellant.**

No. 3309.

Court of Appeals of South Carolina.

Submitted Jan. 3, 2001.
Decided Feb. 26, 2001.

Assistant Appellate Defender Robert M. Pachak, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, all of Columbia; and Solicitor Edgar L. Clements, III, of Florence, for respondent.

GOOLSBY, Judge:

Thomas Edward D. appeals the family court's adjudication of delinquency based upon its finding that Thomas brought a firearm to school. Thomas appeals. We affirm.[1]

On November 6, 1999, the assistant principal at Wilson High School received word that Thomas had a gun in his possession. In an effort to discover whether Thomas did have a gun, the assistant principal called Thomas to her office. Also present in the office was Deputy Graham. Graham testified that as he patted Thomas down, he felt a large bulge in Thomas' pocket consistent with a pistol. Graham then retrieved the gun from Thomas' pocket. Graham also retrieved nine bullets. The cylinder of the gun was not attached to the remainder of the gun, and the pin that holds the cylinder in place was missing.

Thomas was charged with violating South Carolina Code section 16–23–430,[2] carrying a weapon on school grounds, and South Carolina Code section 16–23–30(e),[3] possessing a gun while under the age of twenty-one. At the close of the State's case, Thomas moved for a directed verdict. The trial court denied Thomas' motion and found him delinquent. The court sentenced Thomas to the custody of the Department of Juvenile Justice for a period not to extend beyond his twenty-first birthday.

On appeal, Thomas argues that the trial court erred in failing to grant a directed verdict because the gun was not operational and therefore could not inflict bodily injury or death. We disagree.

South Carolina Code section 16–23–430(1) states:

(1) It shall be unlawful for any person, except State, county or municipal law-enforcement officers or personnel authorized by school officials, to carry on his person, while on any elementary or secondary school property, a knife, with a blade over two inches long, a blackjack, a metal pipe or pole,

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. S.C.Code Ann. § 16–23–430 (Supp.2000).

3. S.C.Code Ann. § 16–23–30(e) (1985).

firearms or any other type of weapon, device or object which may be used to inflict bodily injury or death.[4]

Thomas argues that a violation of the statute does not occur when a person brings an inoperative firearm onto school grounds because said firearm would be unable "to inflict bodily injury or death."

This argument is without merit. Under section 16–23–430(1), it is a *per se* violation to bring a firearm onto school grounds, regardless of whether it may be used to inflict bodily injury or death. The same is true with a knife that has a blade over two inches, a blackjack, or a metal pipe or pole. Instead, it is "any other type of device or object" that must be capable of inflicting bodily injury or death.

This reading is consistent with our prior interpretation of the statute. In *In the Interest of Dave G.*,[5] this court addressed whether a student could be convicted under the statute for bringing a razor blade that contained a blade of less than two inches. In upholding the decision of the family court, we noted that while the razor blade was not a *per se* violation of the statute because it was not a knife with a blade longer than two inches, we held that it was an object that could be used to inflict bodily injury or death.[6]

Because a firearm is a *per se* violation of the statute, the family court properly denied Thomas' motion for a directed verdict. After review of the record as required by *Anders v. California*[7] and *State v. Williams*,[8] we find no other arguable issues. We also grant counsel's petition to be relieved.

**AFFIRMED.**

ANDERSON and STILWELL, JJ., concur.

---

**4.** S.C.Code Ann. § 16–23–430(1).

**5.** 324 S.C. 347, 477 S.E.2d 470 (Ct.App.1996).

**6.** *Id.*

**7.** 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

**8.** 305 S.C. 116, 406 S.E.2d 357 (1991).