THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED 
 ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Bruce Franklin Mathis, Appellant.
 
 
 

Appeal From Spartanburg County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2004-UP-577
Submitted November 1, 2004  Filed November 16, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, 
 and Assistant Attorney General Deborah R. J. Shupe, all of Columbia; and Solicitor 
 Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Spartanburg 
 County grand jurors indicted Bruce Franklin Mathis for assault and battery, 
 failure to stop, and two counts of armed robbery.  At trial, Mathis requested 
 that the court instruct the jury on the elements of larceny as a lesser-included 
 offense of armed robbery.  The trial court refused, and the jury convicted Mathis 
 of all charges.  Mathis appeals on the ground that the trial court erred by 
 not instructing the jury on larceny.  We affirm pursuant to Rule 220(b)(2), 
 SCACR, and the following authorities:  S.C. Code Ann. § 16-11-330 (2003) (stating 
 a person is guilty of armed robbery if he commits robbery while armed with 
 a . . . deadly weapon, or if he commits robbery while alleging, either by 
 action or words, he [is] armed, while using a representation of a deadly weapon.); 
 State v. Keith, 283 S.C. 597, 598, 325 S.E.2d 325 (1985) 
 (providing larceny is the taking and carrying away of the goods of another against 
 his will or without his consent.); State v. Drayton, 293 S.C. 417, 428, 
 361 S.E.2d 329, 335 (1987) (holding the trial judge did not err in refusing 
 to charge the lesser-included offense when there was no evidence the defendant 
 was guilty of the lesser-included offense); State v. Heck, 304 S.C. 345, 
 346, 404 S.E.2d 514, 515 (Ct. App. 1991) (holding a BB gun is capable of producing 
 death or great bodily harm, and it is a jury question whether it qualifies as 
 a deadly weapon); State v. Tasco,  292 S.C. 270, 272, 356 S.E.2d 
 117, 118 (1987) ([W]hen a person perpetrates a robbery by brandishing 
 an instrument which appears to be a firearm ... in the absence of any evidence 
 to the contrary, the law will presume the instrument to be what his conduct 
 represents it to be.).    
AFFIRMED. [1] 
HEARN, C.J., GOOLSBY and WILLIAMS, JJ., concur.

 
 [1]   We decide this case without oral argument pursuant 
 to Rule 215, and 220(b)(2) SCACR.