THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Danny Ray
 Gilliam, Appellant.
 
 
 

Appeal From Pickens County
 John C. Few, Circuit Court Judge
Unpublished Opinion No.  2010-UP-197
Submitted March 1, 2010  Filed March 10,
 2010
AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for
 Appellant. 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and
 Solicitor Robert Mills Ariail, of Greenville, for Respondent.
 
 
 

PER
 CURIAM:  Danny Ray Gilliam appeals his
 conviction and sentence for petit larceny and first-degree burglary, arguing
 the trial court erred in allowing the State to reopen its case to enter
 evidence supporting an aggravating circumstance and in denying Gilliam's motion
 for a directed verdict.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  State v.
 Wilson, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001) (holding in criminal
 cases, the appellate court sits to review errors of law only and is bound by
 the factual findings of the circuit court unless clearly erroneous).
1.  As
 to whether the trial court erred in allowing the State to reopen its case to
 enter evidence supporting an aggravating circumstance:  State v.
 Humphery, 276 S.C. 42, 43, 274 S.E.2d 918, 918 (1981) (finding the trial
 court did not abuse its discretion by allowing the State to reopen its
 case-in-chief to submit evidence of an essential element of the offense charged
 and specifically permitting reopening of grand larceny case to prove value of
 stolen goods); State v. Hammond, 270 S.C. 347, 355-56, 242 S.E.2d 411,
 415 (1978) (finding no prejudice where additional evidence submitted was merely
 corroborative of other evidence).[2]
2.  As
 to whether the trial court erred in denying Gilliam's motion for a directed
 verdict:  Rule 19(a), SCRCrimP (stating the grant of a defense motion for
 directed verdict of acquittal is proper only "if there is a failure of
 competent evidence tending to prove the charge"); State v. Venters,
 300 S.C. 260, 264, 387 S.E.2d 270, 272-73 (1990) (requiring an appellate court reviewing
 a denial of a motion for a directed verdict to view the evidence in the light
 most favorable to the State; finding submission to the jury proper if any
 evidence, whether direct or circumstantial, reasonably tends to prove the guilt
 of the accused; and holding a trial court considering a motion for directed
 verdict is concerned only with the existence of evidence, not with its weight); State v. Mitchell, 341 S.C. 406, 409, 535 S.E.2d 126, 127 (2000) (necessitating
 submission of the case to the jury if "any substantial evidence" has
 been presented that reasonably tends to prove the defendant's guilt or from
 which his guilt may be fairly and logically deduced).  
AFFIRMED.
PIEPER and GEATHERS, JJ., and CURETON, A.J., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] We decline to address Gilliam's argument that his two prior convictions should be
 considered as one.  This issue is unpreserved because Gilliam did not raise
 this issue to the trial court.  See State v. Hamilton, 333 S.C.
 642, 651, 511 S.E.2d 94, 98 (Ct. App. 1999) (holding issues not raised to and
 ruled on by the circuit court may not be raised for the first time on appeal).