**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brandon Heath Clark, Appellant.

Appellate Case No. 2009-145547

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2012-UP-549
Heard September 10, 2012 – Filed October 10, 2012

**AFFIRMED**

Appellate Defender Elizabeth Franklin-Best and
Appellate Defender Dayne C. Phillips, both of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Donald J. Zelenka, Assistant
Attorney General Alphonso Simon, Jr., all of Columbia;
Solicitor William Walter Wilkins, III, of Greenville, for
Respondent.

**PER CURIAM:** Brandon Heath Clark appeals his convictions for two counts of murder and two counts of possession of a weapon during the commission of a violent crime. He contends the trial court erred in denying his motion for a directed verdict on his murder charges because the State failed to present any evidence he fired the gun that killed either victim. Because the record includes sufficient evidence which reasonably tends to prove Clark's guilt, we affirm. When reviewing a trial court's denial of a defendant's directed verdict motion, an appellate court must view the evidence in a light most favorable to the State. *State v. Venters*, 300 S.C. 260, 264, 387 S.E.2d 270, 272 (1990). Additionally, an appellate court must find a case was properly submitted to the jury if any direct evidence or any substantial circumstantial evidence reasonably tends to prove the guilt of the accused. *State v. Dickey*, 394 S.C. 491, 499, 716 S.E.2d 97, 101 (2011).

In *State v. Ward*, 374 S.C. 606, 615, 649 S.E.2d 145, 150 (Ct. App. 2007), this court affirmed the denial of a directed verdict when the State presented evidence to show the defendant and a codefendant were involved in a fight with the victim; as the victim fled, the codefendant threatened to kill someone that night; and moments after that threat, the defendant and the codefendant got into a truck from which gunfire erupted towards the vehicle in which the victim rode. Furthermore, the driver of the truck and the codefendant stated the defendant was shooting out of the passenger side window of the truck. *Id.* Here, Clark stipulated not only his presence, but also that he fired his gun nine times at the murder scene. Additionally, the State's firearm forensic analysis revealed the bullet extracted from one of the victims was a .40 caliber bullet, the same caliber as Clark's gun. Further, the State's forensic analyst testified the shells, which Clark admitted discharged when he fired his gun, had similar microscopic marks to the bullet police extracted from one of the victims. Moreover, the State presented testimony indicating Clark, immediately after the shooting, stated he believed he shot the victims. Accordingly, the State presented sufficient evidence upon which the trial court could rely in denying Clark's directed verdict motion.

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**