**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Demetrius Goodwin, Appellant.

Appellate Case No. 2011-193927

———————————

Appeal From Richland County
W. Jeffrey Young, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-110
Heard February 5, 2013 – Filed March 13, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Demetrius Goodwin appeals his conviction of homicide by child abuse. He contends the trial court erred in denying his motion for a directed verdict because the State did not prove he acted with extreme indifference. We

affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Venters*, 300 S.C. 260, 264, 387 S.E.2d 270, 272 (1990) (noting that when reviewing a trial court's denial of a defendant's motion for a directed verdict, an appellate court must view the evidence in a light most favorable to the State); *Weston*, 367 S.C. at 292-93, 625 S.E.2d at 648 (holding an appellate court must find a case is properly submitted to the jury if any direct evidence or any substantial circumstantial evidence reasonably tends to prove the guilt of the accused); S.C. Code Ann. § 16-3-85(A) (2003) ("A person is guilty of homicide by child abuse if the person: (1) causes the death of a child under the age of eleven while committing child abuse or neglect, and the death occurs under circumstances manifesting an extreme indifference to human life . . . ."); *State v. Jarrell*, 350 S.C. 90, 98, 564 S.E.2d 362, 367 (Ct. App. 2002) ("Extreme indifference is in the nature of a culpable mental state and therefore is akin to intent." (ellipsis and quotation marks omitted)); *id.* ("In this state, indifference in the context of criminal statutes has been compared to the conscious act of disregarding a risk which a person's conduct has created, or a failure to exercise ordinary or due care."); *McKnight v. State*, 378 S.C. 33, 48, 661 S.E.2d 354, 361 (2008) ("For purposes of the [homicide by child abuse] statute, 'extreme indifference' has been defined as 'a mental state akin to intent characterized by a deliberate act culminating in death.'" (quoting *Jarrell*, 350 S.C. at 98, 564 S.E.2d at 367)); *State v. McKnight*, 352 S.C. 635, 646, 576 S.E.2d 168, 173 (2003) (finding a defendant's taking cocaine knowing she was pregnant was sufficient evidence to submit to a jury on whether she acted with extreme indifference to her child's life because it is public knowledge usage of cocaine is potentially fatal).

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**