**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Eugene Thomas, Appellant.

Appellate Case No. 2012-212968

Appeal From Greenville County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-360
Heard September 9, 2014 – Filed October 15, 2014

**AFFIRMED**

Timothy Lee Gehret, of Timothy Gehret Attorney at Law, LLC, of Charleston, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Norman Mark Rapoport, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:**  Eugene Thomas appeals his convictions of third-degree burglary, possession of a firearm during the commission of a violent crime, and attempted armed robbery.  He contends the trial court erred in (1) denying his motion for a directed verdict because the State's evidence did not amount to substantial circumstantial evidence; (2) allowing an unduly suggestive out-of-court identification to be admitted into evidence; and (3) not charging the jury with strong arm robbery.  We affirm.

1. As to whether the trial court erred in denying Thomas's motion for a directed verdict: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Venters*, 300 S.C. 260, 264, 387 S.E.2d 270, 272 (1990) (noting that when reviewing a trial court's denial of a defendant's motion for a directed verdict, an appellate court must view the evidence in a light most favorable to the State); *Weston*, 367 S.C. at 292-93, 625 S.E.2d at 648 (holding an appellate court must find a case is properly submitted to the jury if *any* direct evidence or any substantial circumstantial evidence reasonably tends to prove the guilt of the accused); *State v. Rogers*, 405 S.C. 554, 563, 748 S.E.2d 265, 270 (Ct. App. 2013) ("Direct evidence is based on personal knowledge or observation and . . ., *if true*, proves a fact without inference or presumption." (alteration by court) (emphasis added by court) (internal quotation marks omitted)).

2.  As to whether the trial court erred in allowing an unduly suggestive out-of-court identification to be admitted into evidence: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Liverman*, 398 S.C. 130, 138, 727 S.E.2d 422, 426 (2012) ("Due process requires courts to assess, on a case-by-case basis, whether the identification resulted from unnecessary and unduly suggestive police procedures . . . ."); *State v. Turner*, 373 S.C. 121, 127, 644 S.E.2d 693, 697 (2007) (finding "[d]espite the variation in the background colors, appellant does not stand out in comparison with the other individuals in the line-up.  All six men have facial hair and all appear to be 'built,' as described by the victim."); *State v. Brown*, 333 S.C. 185, 190, 508 S.E.2d 38, 41 (Ct. App. 1998) ("[A] witness identification need not be one hundred percent certain in order to meet due process requirements.").

3. As to whether the trial court erred in not charging the jury with strong arm robbery: *State v. Gibson*, 390 S.C. 347, 355-56, 701 S.E.2d 766, 770 (Ct. App. 2010) (finding a trial court commits reversible error if it fails to give a requested charge on an issue raised by the evidence); *State v. Tyndall*, 336 S.C. 8, 21, 518 S.E.2d 278, 285 (Ct. App. 1999) ("A lesser included offense instruction is required only when the evidence warrants such an instruction, and it is not error to refuse to charge the lesser included offense unless there is evidence tending to show the defendant was guilty only of the lesser offense."); S.C. Code Ann. § 16-11-330(A) (2003) (providing a person is guilty of armed robbery if he or she "commits robbery while armed with a pistol . . . or other deadly weapon, or while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon"); *State v. Tasco*, 292 S.C. 270, 272, 356 S.E.2d 117, 118 (1987) ("[W]hen a person perpetrates a robbery by brandishing an instrument which appears to be a firearm . . . *in the absence of any evidence to the contrary*, the law will presume the instrument to be what his conduct represented it to be, a firearm. . . ." (ellipses added by court) (emphasis added) (internal quotation marks omitted)).

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**