**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Lucretia Conyers, Appellant.

Appellate Case No. 2021-000615

———————

Appeal From Clarendon County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-175
Submitted May 1, 2025 – Filed June 4, 2025

———————

**AFFIRMED**

———————

Tristan Michael Shaffer, of Tristan M. Shaffer Attorney at Law, of Irmo, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———————

**PER CURIAM:** Lucretia Conyers appeals her conviction for resisting arrest under section 16-9-320(A) of the South Carolina Code (2015), and her sentence of forty-five days' imprisonment. She argues the trial court erred in denying her

motion for a directed verdict on resisting arrest because the State failed to prove her underlying arrest for breach of the peace was lawful. We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to the State, we hold the trial court did not err in denying Conyers's motion for a directed verdict on resisting arrest. *See State v. Venters*, 300 S.C. 260, 264, 387 S.E.2d 270, 272-73 (1990) ("In reviewing a denial of a motion for a directed verdict, the evidence must be reviewed in the light most favorable to the State and if there is any direct or any substantial circumstantial evidence, reasonably tending to prove the guilt of the accused, [the appellate court] must find that such issues were properly to be decided by the jury.").

Initially, we note the State did not argue at trial that a conviction under section 16-3-320(A) does not require showing a "lawful" arrest. Rather, the State elicited testimony establishing probable cause for Conyers's underlying arrest for breach of peace; it did not object when the trial court stated it planned to charge the jury that a person has "the right to resist an unlawful arrest"; it argued upon Conyers's motion for a directed verdict and in closing that Conyers's arrest for breach of peace was lawful; and it did not object after the trial court charged the jury that "a person has a right to resist an unlawful arrest." Therefore, to the extent the State argues the trial court did not err in denying Conyers's motion for a directed verdict on resisting arrest because a conviction under section 16-3-320(A) does not require showing a "lawful" arrest, we hold this argument is not preserved for review. *See Elam v. S.C. Dep't of Transp.,* 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [trial] court.").

To obtain a conviction of resisting arrest under section 16-3-320(A), the State must prove the defendant "resist[ed] an arrest being made by a person [she] knew or reasonably should have known was a law enforcement officer." § 16-3-320(A). In Conyers's case, the trial court required an additional showing that the arrest was lawful. The jury heard evidence including testimony that (1) upon Conyers's arrest, she "snatched away" from the arresting officer and told him he would "have to fight" her; (2) despite multiple requests to calm down, Conyers continued "cursing and yelling and carrying on" in a residential area during late afternoon hours, while neighbors were nearby; and (3) after uniformed officers arrived at the scene in a "fully marked" police vehicle, Conyers expressed her disdain for "police" and stated "the police" were not supposed to be in her yard. Thus, notwithstanding any error in the trial court requiring a "lawful arrest," we hold evidence presented at trial was sufficient to allow the jury to determine whether

Conyers resisted a lawful arrest. *See State v. Moultrie*, 316 S.C. 547, 552, 451 S.E.2d 34, 37 (Ct. App. 1994) ("[P]robable cause for a warrantless arrest generally exists 'where the facts and circumstances within the arresting officer's knowledge are sufficient for a reasonable person to believe that a crime has been or is being committed by the person to be arrested.'" (quoting *United States v. Miller*, 925 F.2d 695, 698 (4th Cir. 1991))); *State v. Poinsett*, 250 S.C. 293, 297, 157 S.E.2d 570, 571 (1967) ("The term 'breach of peace' is a generic one embracing a great variety of conduct destroying or menacing public order and tranquility."); *id.* (stating in general, "a breach of peace is a violation of public order, a disturbance of the public tranquility, by any act or conduct inciting to violence, which includes any violation of any law enacted to preserve peace and good order"); *State v. Peer*, 320 S.C. 546, 552, 466 S.E.2d 375, 379 (Ct. App. 1996) (clarifying that "actual violence is not an element of breach of peace"); *id.* ("Whether conduct constitutes a breach of the peace depends on the time, place, and nearness of other persons."). Accordingly, we hold the trial court did not err in denying Conyers's motion for a directed verdict. *See Venters*, 300 S.C. at 264, 387 S.E.2d at 272-73 (requiring an appellate court to affirm the denial of a motion for a directed verdict when "there is any direct or any substantial circumstantial evidence, reasonably tending to prove the guilt of the accused").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.